# **EXHIBIT 1**

Andrea Lynn Chasteen
Will County Circuit Clerk
Twelfth Judicial Circuit Court
Electronically Filed
2021CH000075
Filed Date: 2/24/2021 12:05 PM
Envelope: 12331118
Clerk: AHD

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS

| | | |
|---|---|---|
| SUBHASH MANNAVA, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2021CH000075 |
| | ) | |
| TD AMERITRADE, INC., a New York | ) | Hon. |
| Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## VERIFIED COMPLAINT AT CHANCERY

NOW COMES Plaintiff, Subhash Mannava ("Plaintiff"), and for this *Verified Complaint at Chancery* against Defendant, TD Ameritrade, Inc. ("Defendant"), states as follows:

### The Parties

1.      Plaintiff is an individual residing at 3424 Empress Drive, Naperville, Illinois 60564.

2.      Defendant is a New York corporation doing business across the country and providing various brokerage services to its clients.

### Jurisdiction and Venue

3.      Personal jurisdiction is proper over Defendant as it conducts business within the State of Illinois.

4.      Venue of this action properly lies in Will County, Illinois, pursuant to 735 ILCS 5/2-101, as Defendant is doing business in Will County, the accounts that have been improperly frozen by Defendant are located in Will County, the facts and circumstances giving rise to this complaint occurred in Will County, and the tortious conduct took place in Will County.

5.      Venue of this action properly lies in Will County, Illinois, pursuant to 735 ILCS

1

Initial case management set for
6/14/2021          at:  9:00      a.m.

5/2-102.

## Factual Allegation Common to All Counts

6.     Prior to December of 2020, Plaintiff created an account through Defendant's system in order to perform and make various trades involving stocks and various other commodities.

7.     Plaintiff's primary source of income is related to his activity in trading and purchasing various stocks and commodities through various online systems like Defendant's, Robinhood, and Webull.

8.     In December, Plaintiff made various transfers from his Robinhood and Webull accounts to Defendant.

9.     Due to a clerical error, Robinhood reversed its transfer to Defendant in the amount of $5,000.00, but the Webull transfer successfully transferred to Defendant.

10.     Due to the Robinhood reversal of the transfer in the amount of $5,000.00, Defendant marked Plaintiff's account as "potential fraud," which prevented Plaintiff from making any additional trades through Defendant's portal.

11.     Due to Defendant's marking of Plaintiff's account as "potential fraud," Plaintiff was forced to withdraw his funds from Defendant's system and transferred his money to his Bank of America ("BoA") account.

12.     Defendant subsequently closed Plaintiff's account without notice to Plaintiff and without explaining why Plaintiff's account was being closed beyond merely stating that Defendant is "investigating" Plaintiff's account.

13.     After transferring his money to his BoA account, Plaintiff transferred $500.00 to his sister's account through an online transfer portal called Zelle.

14.     In January of 2021, BoA froze Plaintiff's account without notice.

15.     Upon further inquiry, BoA informed Plaintiff that Defendant had put a "freeze" on Plaintiff's account due to an ongoing investigation by Defendant.

16.     Again, Defendant never informed Plaintiff of any investigation or the underlying basis for single-handedly freezing his accounts without notice or without instituting a civil case to determine whether Plaintiff's actions justified any of the accusations levied by Defendant.

17.     After having numerous discussions with BoA, BoA finally disclosed that Defendant had made a fraud claim against Plaintiff.

18.     Defendant had informed BoA of an alleged $88,000.00 wire fraud claim, but had never informed Plaintiff of any such claim, let alone the underlying basis or evidence of such a claim.

19.     Plaintiff was denied access to his funds, which were his sole source of income and ability to make his monthly payments.

20.     Further, Plaintiff had approximately $5,000.00 remaining in Defendant's account, which Defendant was denying Plaintiff access to and continues to deny Plaintiff access to said funds.

21.     In addition to the foregoing, Defendant made a sudden "charge" to Plaintiff's account in the amount of $400.00 without notice or reason.

22.     In February, Defendant's actions progressed to the point that they even put a freeze on Plaintiff's sister's account in the amount of $500.00 due to the $500.00 that Plaintiff had transferred to his sister in December. A true and accurate copy of the February 16, 2021 BoA Letter is attached hereto and incorporated herein by reference as **Exhibit 1**.

23.     Defendant also put freezes on Plaintiff's Webull trading account.

24.     Webull informed Plaintiff that Defendant had placed the freeze on Plaintiff's account through Apex Clearing Firm, a transfer service that Defendant uses to transfer funds between its customers and business.

25.     In February, Plaintiff was finally given a reason for Defendant's actions wherein Defendant informed Plaintiff that his actions were "fraudulent," but provided no explanation therefor and refused to provide Plaintiff with any additional information regarding his accounts, why Defendant had frozen said accounts, or the underlying basis for Defendant's actions since December of 2020.

26.     Due to Defendant's actions, Plaintiff has no funds, no income, and no ability to make his monthly payments, which has resulted in his various debts being deficient and has impacted his credit report.

27.     Moreover, Plaintiff has been unable to reinvest, trade, or otherwise transfer his funds, assets, stocks, or commodities.

28.     This has resulted in significant losses to Plaintiff due to market volatility.

29.     Defendant has made numerous transfers from Plaintiff's account and recently withdrew, without Plaintiff's consent or knowledge, $26,950.00 from Plaintiff's account. A true and accurate copy of the bank statement evidencing the transfer is attached hereto and incorporated herein by reference as **Exhibit 2**.

30.     Due to Defendant's actions, other companies such as Webull are now refusing to allow Plaintiff to use their services and have even started to liquidate Plaintiff's positions, which will result in significant losses. A true and accurate copy of the WeBull communication confirming such action is attached hereto and incorporated herein by reference as **Exhibit 3**.

## Count I – Conversion

31.     Plaintiff restates and incorporates herein by reference Paragraphs 1 through 30 above as and for Paragraph 31 of this Count I as if such allegations were fully set forth herein.

32.     The funds and accounts that have been frozen by Defendant are rightfully Plaintiff's funds.

33.     Plaintiff has a superior interest to the funds in his various accounts to that of any other party, including Defendant.

34.     Plaintiff has an absolute and unconditional right to the immediate possession of the funds and accounts as alleged herein.

35.     Plaintiff has made demand for the possession of the funds and the release of the freezes in his account, but Defendant has refused to do so and has refused to provide Plaintiff with any information as to why his funds are being frozen.

36.     Defendant has wrongfully and without authorization assumed control, dominion, or ownership over Plaintiff's funds and accounts, including those accounts that are with third-party institutions such as BoA.

37.     Defendant has no justifiable basis for withholding Plaintiff's funds, withdrawing funds from his accounts, or from otherwise restricting Plaintiff's use of his funds, especially with third-parties.

38.     Defendant has intentionally and wrongfully deprived Plaintiff from the use of his property and Plaintiff has been damaged.

39.     Plaintiff has been damaged in that he has been unable to use his funds to pay his daily living expenses, has no other source of income, is unable to pay his other liabilities which has had a direct impact on his credit report, and has been unable to transfer or purchase stocks or

commodities that has resulted in a reduction in the value of Plaintiff's portfolio.

40.     Defendant has even failed to state the amount that it allegedly believes to be wire fraud and has, instead, frozen over $80,000.00 worth of assets without explanation.

41.     Due to Defendant's actions to date, Plaintiff has no adequate remedy at law as he does not have access to his assets and funds and is unable to pay for his own living expenses due to Defendant's actions.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

A.     Enter judgment in favor of Plaintiff and against Defendant, in an amount in excess of $75,000.00 plus interest or such other amount as proven by the evidence in this case;

B.     Award Plaintiff punitive damages due to Defendant's intentional and improper conduct;

C.     Restrain Defendant from interfering, converting, or otherwise freezing Plaintiff's assets;

D.     Restrain Defendant from contacting third parties to freeze, convert, or otherwise restrict Plaintiff's access to his accounts and assets;

E.     Enjoin Defendant from any further attempts to convert, obtain, freeze, or otherwise transfer Plaintiff's assets;

F.     Mandate that Defendant release all holds, freezes, or any other attempts to restrict Plaintiff's access to his accounts either with Defendant or with any other third party;

G.     Enjoin Defendant from any further attempts to remove, transfer, freeze, or otherwise convert Plaintiff's assets and/or accounts either held by Defendant or any other third party;

H.     Enjoin Defendant from any further attempts to convert Plaintiff's assets or accounts for Defendant's use or gain;

I.     Award Plaintiff his costs of suit, other litigation costs, and attorneys' fees incurred in this matter to the extent permitted by law; and

J.     Provide Plaintiff with such other and further relief as this Honorable Court deems appropriate and just.

## Count II – Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.*)

42.     Plaintiff restates and incorporates herein by reference Paragraphs 1 through 41 above as and for Paragraph 42 of this Count II as if such allegations were fully set forth herein.

43.     Section 2 of the Illinois Consumer Fraud and Deceptive Business Practices Act (the "Act") provides, in pertinent part:

> Unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression, or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact * * * are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

> 815 ILCS 505/2 (West, 2018).

44.     Defendant has failed and refused to provide Plaintiff with any information regarding Defendant's decision to freeze all of Plaintiff's accounts.

45.     Defendant has failed and refused to communicate with Plaintiff and has refused to provide any evidence regarding the alleged "wire fraud."

46.     Defendant intentionally did not provide information to Plaintiff regarding Defendant's actions in an attempt to defraud Plaintiff and to convert his assets and accounts.

47.     Defendant has taken steps in furtherance of its interests to intentionally harm Plaintiff and prevent Plaintiff from having access to his funds of which he is the true owner.

48.     Defendants engaged in deceptive acts by failing to provide Plaintiff notice of any alleged issues or claims regarding Plaintiff's accounts and by failing to provide notice to Plaintiff of Defendant's alleged issues with Plaintiff's account.

49.     Defendant knew, at the time it refused to provide additional information to Plaintiff,

that it intended to freeze all of his accounts for a reason that has never been explained to Plaintiff.

50. Defendant refused to provide additional information to Plaintiff, despite requests therefor, in order to take control and dominion over Plaintiff's accounts and assets without court order or process.

51. Defendant's false statements regarding their ongoing investigation induced Plaintiff to continue to rely on Defendant's alleged investigation and to delay filing the instant lawsuit.

52. Defendant's misrepresentations were made with the intent that Plaintiff would rely on Defendant's deception and misstatements of fact.

53. Defendant's misrepresentations and deceptive practices were made during the course of trade and commerce through its attempt to gain access to Plaintiff's account without any justification for said access.

54. Defendant's conduct has been both willful and wanton as shown by its abject failure to disclose the fact that it intended to freeze and convert Plaintiff's assets and by its abject failure to inform Plaintiff or disclose the underlying basis for its alleged claims, other than the fact that Defendant has accused Plaintiff of wire fraud, without proof thereof.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

A. Enter judgment in favor of Plaintiff and against Defendant, in an amount in excess of $75,000.00 plus interest or such other amount as proven by the evidence in this case;

B. Award Plaintiff punitive damages for Defendant's willful and wanton misconduct in conducting their business affairs;

C. Award Plaintiff his costs of suit, other litigation costs, and attorneys' fees incurred in this matter to the extent permitted by law; and,

D. Provide Plaintiff with such other and further relief as this Honorable Court deems appropriate and just.

## Count III – Constructive Trust

55.     Plaintiff restates and incorporates herein by reference Paragraphs 1 through 54 above as and for Paragraph 55 of this Count III as if such allegations were fully set forth herein.

56.     Defendant has gained control over Plaintiff's accounts and assets without judgment or court order.

57.     Defendant is in wrongful possession of the assets of the Plaintiff due to Defendant's conversion and fraudulent activities regarding the freezing and dominion over Plaintiff's assets.

58.     Defendant has gained possession of the various assets through its false representations to various third parties that there has been "wire fraud" by Plaintiff.

59.     The imposition of a constructive trust is necessary to prevent unjust enrichment to Defendant or further conversion by Defendant of Plaintiff's assets in order to prevent it from obtaining financial gain through its fraudulent statements.

60.     The imposition of a constructive trust is warranted because Defendant has gained control over Plaintiff's assets through fraud, conversion, and through improper means and without justification.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

A.     Enter judgment in favor of Plaintiff and against Defendant, in an amount in excess of $75,000.00 plus interest or such other amount as proven by the evidence in this case;

B.     Impose a constructive trust on the assets improperly converted by Defendant and rightfully belonging to Plaintiff;

C.     Award Plaintiff his costs of suit, other litigation costs, and attorneys' fees incurred in this matter to the extent permitted by law; and,

D.     Provide Plaintiff with such other and further relief as this Honorable Court deems appropriate and just.

## COUNT IV – Accounting

61.     Plaintiff restates and incorporates by reference Paragraphs 1 through 60 above as and for Paragraph 61 of this Count IV as if such allegations of fact were fully set forth herein.

62.     Due to Defendant's breach of its fiduciary duty, fraud, conversion, and improper actions. Plaintiff is entitled to an accounting as to each and every dollar that Defendant has converted, obtained by fraud, or obtained through its breach of its fiduciary duty to Plaintiff.

63.     Plaintiff has a right to the assets that Defendant has improperly obtained.

64.     Plaintiff has a right to know what Defendant has done with Plaintiff's assets and funds.

65.     Plaintiff does not have an adequate remedy at law because Plaintiff cannot access his funds, make payments on any delinquent accounts, or pay for his everyday costs and living expenditures.

66.     An accounting will reveal what Defendant has done with Plaintiff's assets and the extent to Defendant's fraud and conversion of Plaintiff's assets.

67.     Defendant has refused to provide Plaintiff with the information regarding his accounts and assets, despite request therefor.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

A.      Enter judgment in favor of Plaintiff and against Defendant, in an amount in excess of $75,000.00 plus interest or such other amount as proven by the evidence in this case;

B.      Compel Defendant to account as to all transactions in connection with the assets of Plaintiff;

C.      Order that Defendant pay the Plaintiff the sums found due on the accounting;

D.      Award Plaintiff his costs of suit, other litigation costs, and attorneys' fees incurred in this matter to the extent permitted by law; and,

E.      Provide Plaintiff with such other and further relief as this Honorable Court deems appropriate and just.

Respectfully submitted,

**Subhash Mannava,** *Plaintiff*

By:   /s/ Oran D. Cart
        One of His Attorneys

Oran D. Cart, Esq.
  IL Atty. No. 6320411
  oran@cartlawoffices.com
Jesse B. Guth, Esq.
  IL Atty. No. 6320722
  jesse@cartlawoffices.com
Cart & Guth Law, LLC
1125 Wheaton Oaks Court
Wheaton, Illinois 60187
Phone: (630) 916-4200

## Verification

Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure (735 ILCS 5/1-109), the undersigned certifies that the statements set forth in the foregoing *Verified Complaint at Chancery* are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

Date: 2/23/21

Subhash Mannava, *Plaintiff*

12

REQUEST RECEIVED ON-ANN.WALSH@BCLPLAW.COM-03/08/2021 09:20:27 AM DOCUMENT SUPPLIED ON 03/08/2021 11:42:35 AM # 17197189959

Andrea Lynn Chasteen
Will County Circuit Clerk
Twelfth Judicial Circuit Court
Electronically Filed
2021CH000075
Filed Date: 2/24/2021 12:05 PM
Envelope: 12331118
Clerk: AHD

# EXHIBIT 1



February 16, 2021

BABU MANNAVA
MANNAVA

Regarding account number ending in
Regarding claim number:

MANNAVA
MANNAVA

On 12/24/20, $500.00 was deposited into the above account from TD
AMERITRADE. We've received a claim indicating that the
transaction is unauthorized.

As a result of this claim, we've placed a $500.00 freeze on your account until
our investigation is complete.

**We're here to help**
We appreciate the opportunity to serve your financial needs. If you have
questions, please call us at 800.317.6345, Monday through Friday, 8 a.m. to 8
p.m. Eastern.

.

# EXHIBIT 2

Positions   Account Details   Account Performance   Stock P&L

**Capital Details** (Last Update:02/22/2021 00:00 EST)

| Type | Description | Date | Amount | Balance | Currency |
|------|-------------|------|--------|---------|----------|
| Cash Transfer | WIRE Withdraw | 02/19/2021 09:00:00 EST | -26,450.00 | | USD |

# EXHIBIT 3



**Webull**
02/23/2021 06:19:40

Hello,

The trades that you placed while under legal restriction bounced to our error account. We have corrected the booked trades and they should be reflected in your account. Our clearing agent has no longer allowed us to support your account as previously stated. Once all trades settle you will be liquidated and you can withdraw all of your funds when we notify you that it is possible. Let us know if you have any questions.

Sincerely,
Webull Support

Andrea Lynn Chasteen
Will County Circuit Clerk
Twelfth Judicial Circuit Court
Electronically Filed
2021CH000075
Filed Date: 3/2/2021 12:12 PM
Envelope: 12403510
Clerk: AHD

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS

| | | |
|---|---|---|
| SUBHASH MANNAVA, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2021 CH 75 |
| | ) | |
| TD AMERITRADE, INC., a New York Corporation, | ) | Hon. John C. Anderson |
| | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF MOTION**

TO:     TD Ameritrade, Inc.
        C/o: Incorporating Services, Ltd.
        524 S. 2nd St., Suite 505
        Springfield, Illinois 62701

PLEASE TAKE NOTICE that on March 10, 2021, at 9:00 a.m., or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge John C. Anderson, or any other judge sitting in his stead, in Room A236 of the Will County Courthouse Annex Building, via Zoom, using Login Number 930-2919-0133 and Password 236236, and then and there present the attached *Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction*, copies of which is hereby served upon you.

Respectfully submitted,

**Subhash Mannava**, *Plaintiff*

By:     /s/ Oran D. Cart
        One of His Attorneys

Oran D. Cart, Esq.
 Ill. Atty. No.: 6320411
 oran@cartlawoffices.com
Cart & Guth Law, LLC
1125 Wheaton Oaks Court
Wheaton, Illinois 60187
(630) 916-4200

1

## CERTIFICATE OF SERVICE

I, Oran D. Cart, an attorney, certify pursuant to Section 1-109 of the Illinois code of Civil Procedure that on March 2, 2021, I served a copy of the foregoing *Notice of Motion*, and copies of the documents referenced therein, upon Defendant via priority mail.

/s/ Oran D. Cart

Oran D. Cart, Esq.
   Ill. Atty. No.: 6320411
   oran@cartlawoffices.com
Cart & Guth Law, LLC
1125 Wheaton Oaks Court
Wheaton, Illinois 60187
(630) 916-4200

2

Andrea Lynn Chasteen
Will County Circuit Clerk
Twelfth Judicial Circuit Court
Electronically Filed
2021CH000075
Filed Date: 3/2/2021 12:12 PM
Envelope: 12403510
Clerk: AHD

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS

| | | |
|---|---|---|
| SUBHASH MANNAVA, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2021 CH 75 |
| | ) | |
| TD AMERITRADE, INC., a New York Corporation, | ) | Hon. John C. Anderson |
| | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

NOW COMES, the Plaintiff, Subhash Mannava ("Plaintiff"), through his attorneys, Cart & Guth Law, LLC, and respectfully moves this Court pursuant to Section 5/11-101 of the Illinois Code of Civil Procedure, for entry of a temporary restraining order and preliminary injunction enjoining the Defendant, TD Ameritrade, Inc. ("Defendant"), from taking any of the actions complained of herein (enjoin) and to require that certain actions be taken (mandate) as described herein.

### Procedural Background

On February 24, 2021, Plaintiff filed the *Verified Complaint at Chancery* (the "Complaint"); and, along with the filing of the instant motion, Plaintiff has filed a memorandum of law in support of the instant motion. Pursuant to Illinois Supreme Court Rule 134, Plaintiff hereby adopts and incorporates his Complaint and Memorandum of Law as if it was fully set forth herein.

The facts and circumstances supporting the instant motion and the legal arguments supporting entry of a temporary restraining order and preliminary injunction are set forth in the

following pleadings filed contemporaneously herewith and incorporated herein by reference: (1) the verified allegations of the Complaint; (2) *Memorandum of Law in Support of Plaintiff's Emergency Motion for Temporary Restraining Order* (the "Memorandum of Law"); and (3) the *Affidavit of Oran D. Cart.* The Complaint is verified and Plaintiff has attested to the truth and accuracy through the verification thereof.

## **Factual Allegations[1]**

Prior to December of 2020, Plaintiff established an account through Defendant to purchase and transfer stocks and commodities. Plaintiff used Defendant's system without issue until, in December of 2020, Defendant froze Plaintiff's account without notice and prevented him from accessing or otherwise using his account for the purchase and transfer of stocks and commodities. Despite inquiring as to why Defendant had frozen and shut down Plaintiff's account, Defendant failed to provide any additional information to Plaintiff. Eventually, Plaintiff was able to ascertain that Defendant had shut down Plaintiff's account due to "potential fraud." Despite said claim of "potential fraud," Defendant never provided Plaintiff with any additional information, refused to provide any information or evidence of said "potential fraud," and only stated that there was an ongoing investigation. Plaintiff's only source of income is his assets that he uses to trade stocks and commodities through various online portals, such as Defendant's, Webull, and Robinhood.

Due to Defendant's actions, Plaintiff was forced to withdraw his funds to his Bank of America ("BoA") account. Defendant subsequently closed Plaintiff's account and removed any access to Plaintiff to access his records, statements, or any other documents through Defendant's online portal. In January of 2021, Defendant requested and placed freezes or holds on all of

---

[1] All factual allegations are contained within the Complaint and are merely being recited here for ease of referenced by the Court.

Plaintiff's known accounts, including his account with BoA. Defendant even placed a hold on Plaintiff's sister's account due to a transfer from Plaintiff to his sister in the amount of $500.00. In total, Defendant has frozen, converted, or placed holds on Plaintiff's accounts in excess of $80,000.00 without Plaintiff's authorization, notice, or consent. Defendant continues to refuse to provide any information to Plaintiff, whatsoever, regarding Defendant's alleged investigation which has now been ongoing for nearly three months.

In the meantime, Defendant has frozen all of Plaintiff's accounts and assets. Plaintiff is unable to pay his bills, buy groceries, or otherwise survive due to Defendant's unilateral decision to place holds on all of Plaintiff's account without justification or reason. Defendant's actions are without justification and cause. Plaintiff has attempted to ascertain the underlying basis for Defendant's actions, but Defendant has refused to provide Plaintiff with any information relevant to this matter. Plaintiff has attempted to resolve this matter without the need for the Court's intervention, but Defendant's actions are now having a negative impact on his ability to survive, pay for daily expenses, and is having a negative impact on his credit report due to his ability to pay his debts and liabilities in the interim.

In the verified Complaint, Plaintiff requests that (i) Defendant be restrained from interfering, converting, or otherwise freezing Plaintiff's assets; (ii) Defendant be restrained from contacting third parties to freeze, hold, convert, or otherwise obtain possession of Plaintiff's accounts and assets; (iii) Defendant be restrained from contacting third parties to freeze, hold, convert, or otherwise restrict Plaintiff's access to his accounts and assets; (iv) Defendant be enjoined from any further attempts to convert, obtain, freeze, place holds upon, or otherwise transfer Plaintiff's assets; (v) Defendant be mandated to release all holds, freezes, or any other attempts to restrict Plaintiff's access to his accounts either with Defendant or with any other third

3

party; (vi) Defendant be mandated to provide Plaintiff with an accounting of all funds transferred, converted, or otherwise obtained by Defendant regarding Plaintiff; and (vii) Defendant be enjoined from any further attempts to remove, transfer, freeze, or otherwise convert Plaintiff's assets and/or accounts either held by Defendant or any other third party.

<u>**Argument**</u>

**I.      Ascertainable and Protected Rights of Plaintiff.[2]**

Plaintiff had an ascertainable right in need of protection in that Defendant has frozen his various accounts without cause, justification, notice, authorization, or consent; the funds being held in the accounts that have been converted or frozen by Defendant belong to Plaintiff and only to Plaintiff and represent his life savings and investments; and, despite numerous requests from Plaintiff, Defendant has failed to provide any information that would provide justification for Defendant's actions since December of 2020 beyond the mere statement that "Defendant's investigation is ongoing." An ongoing investigation is not a justification for Defendant to convert the entirety of Plaintiff's assets and Plaintiff has an absolute right to his property that he earned and invested during his lifetime.

**II.     Irreparable Harm to Plaintiff.**

If Defendant is not restrained and enjoined from taking further action, Plaintiff will not be able to pay for his daily living expenses or pay his ongoing debts and liabilities. Further, if Defendant is not mandated to release all holds and freezes on Plaintiff's accounts, Plaintiff's credit report will be destroyed as he continues to miss payments to his creditors due to Defendant's unjustified and improper actions to date. The damage being done by Defendant's unilateral actions

---

[2] The relevant legal standard, citations, and case law of this jurisdiction are contained within Plaintiff's *Memorandum of Law in Support of Plaintiff's Emergency Motion for Temporary Restraining Order*.

are not easily ascertained and Plaintiff has no access to his funds or assets, which solely belong to him. Further, the damage being done to Plaintiff is immeasurable, as it is not easily identified and cannot be merely rectified through money damages, such as the damage that is being done to Plaintiff's credit report. If this Court does not require that Defendant cease its wrongful behavior during the pendency of this litigation, especially in light of Defendant's lack of notice to Plaintiff, then it is likely that the damage to Plaintiff will be ongoing, immeasurable, and without resolution or possible restitution.

### III.    Inadequate Remedy at Law.

Plaintiff's remedy at law is inadequate. Plaintiff cannot merely be made whole through the award of money damages alone, as the ongoing damage to both his ability to survive in the interim and his credit report cannot be merely fixed by monetary relief at the end of this litigation. It is nearly impossible to truly calculate the long-term damage that Defendant is causing by freezing Plaintiff's access to his accounts, especially in light of the long-term impact it will have on his credit history and report. Further damage to Plaintiff's credit report will result in years of bad credit history that will follow Plaintiff for a large portion of his lifetime. Defendant's actions also show that it has very little respect for the law, as it has sought to freeze, hold, and convert Plaintiff's assets without justification, cause, reason, or proof of any claims. Plaintiff cannot merely calculate the extent of the damage through loss of revenue as Defendant's holds, freezes, and conversion directly impact Plaintiff's earnings through the market and his long-term credit. Moreover, it will be impossible to calculate the damage to Plaintiff's market position due to Defendant's actions, which would require knowledge as to Plaintiff's investments, when he may have pulled said investments, when he may have invested into certain stocks or commodities, or when he may have made transfers that would have improved his financial position. These damages would be

impossible to ascertain in light of the volatility of the market at large. For those reasons, Plaintiff does not have an adequate remedy at law.

## IV. Likelihood of Success on Merits

In light of Plaintiff's Complaint and the exhibits attached thereto, the fact that Defendant has refused to provide any proof or information regarding its ongoing investigation, and based upon Plaintiff's verification, Plaintiff will likely succeed on the merits of his claims. Because Plaintiff has shown a fair question as to the existence of rights claimed, this Court should maintain the status quo by issuing a temporary restraining order to prevent Defendant from any further actions with respect to Plaintiff's accounts and assets and require that Defendant immediately release any holds or freezes on Plaintiff's accounts.

**WHEREFORE**, pursuant to 735 ILCS 5/11-101, Plaintiff respectfully prays that until this matter can be decided on the merits, this Honorable Court grant his Emergency Motion for a Temporary Restraining Order and Preliminary Injunction, and enter an *Order* that:

A. Finds that Plaintiff has a clearly ascertainable right in need of protection;

B. Finds that Plaintiff will suffer irreparable harm without an order temporarily restraining and enjoining the activities of Defendant;

C. Finds that Plaintiff is likely to succeed on the merits of his claims;

D. Finds that the benefits of an injunction to Plaintiff outweigh the injury to Defendant;

E. Grants a temporary restraining order in favor of Plaintiff and against Defendant as requested herein and within the Complaint;

F. Waive the requirement of bond;

G. Set this matter for a preliminary injunction hearing;

H. Order expedited discovery in advance of the preliminary injunction hearing; and

I.      Provide such other relief as the Court deems equitable and just.


                              Respectfully submitted,

                              **Subhash Mannava,** *Plaintiff*

                        By:   /s/ Oran D. Cart
                              One of His Attorneys




Oran D. Cart, Esq.
  Ill. Atty. No.: 6320411
  oran@cartlawoffices.com
Cart & Guth Law, LLC
1125 Wheaton Oaks Court
Wheaton, Illinois 60187
(630) 916-4200

Andrea Lynn Chasteen
Will County Circuit Clerk
Twelfth Judicial Circuit Court
Electronically Filed
2021CH000075
Filed Date: 3/2/2021 12:12 PM
Envelope: 12403510
Clerk: AHD

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS

| | | |
|---|---|---|
| SUBHASH MANNAVA, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2021 CH 75 |
| | ) | |
| TD AMERITRADE, INC., a New York | ) | Hon. John C. Anderson |
| Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

NOW COMES, the Plaintiff, Subhash Mannava ("Plaintiff"), through his attorneys, Cart & Guth Law, LLC, and for his memorandum of law in support of his *Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction*, states as follows:

## I.      STATEMENT OF FACTS

Plaintiff has various accounts that he uses to "day-trade" various stock and commodities, including Defendant, TD Ameritrade, Inc.'s ("Defendant") platform, Webull, and Robinhood. These services allow users to trade stocks and commodities through online portals. Plaintiff's only current source of income consists of his trading accounts with the aforementioned platforms and companies. In December of 2020, Defendant placed a "freeze" or hold on Plaintiff's account without providing notice to Plaintiff. Upon inquiry, Defendant refused to provide Plaintiff with any reason, justification, or information regarding why his account had a hold on it. Subsequently, Plaintiff's accounts with Webull and Bank of America ("BoA") were "frozen" or had holds placed on those accounts by Defendant. Again, Defendant failed and refused to provide Plaintiff with any information regarding why these accounts were being frozen, why he was being denied assets to

1

his funds, and why he was not being given additional information as to Defendant's actions regarding Plaintiff's money and assets.

To be clear, Plaintiff is the sole owner of the funds, assets, and accounts, and no one else has a superior right to the funds, assets, and accounts held by Plaintiff. Further, to Plaintiff's knowledge, there has not been a judgment, court order, or otherwise that would authorize Defendant to freeze or hold Plaintiff's funds with various third parties, let along the funds that are held by Defendant. Based upon communications between BoA and Plaintiff, Plaintiff was able to determine that Defendant had reported Plaintiff's accounts as subject to a fraud investigation. But, BoA refused to provide any additional information without the issuance of a subpoena. Plaintiff again attempted to gain some form of insight from Defendant as to what issue(s) they could possibly have with Plaintiff's accounts. Plaintiff is unaware of any alleged fraud, as the funds at issue are and have always been Plaintiff's funds and represent his life savings and investments. Moreover, the entirety of the funds being frozen or held by Defendant represent the entirety of the funds that Plaintiff has and represents his entire net worth. In other words, Plaintiff has no funds, no assets, and no current income to survive, pay his current liabilities or debts, or even buy the most basic of human necessities.

Plaintiff is currently relying upon the good will of his family and friends to support him while the issues regarding these freezes and holds are addressed. After nearly three months, Defendant has still not provided any basis in fact or law as to why they are entitled to (A) hold or freeze Plaintiff's funds without a Court order; (B) hold or freeze Plaintiff's funds held by third parties; or (C) not disclose to Plaintiff the underlying basis for why Defendant is freezing or holding Plaintiff's assets and funds. Plaintiff has been more than patient with Defendant while it

"investigated" this matter, but now Defendant has taken affirmative steps to harm and damage Plaintiff through the restriction of his access to his accounts without justification or reason.


## II.     STANDARDS FOR TEMPORARY RESTRAINING ORDER

The purpose of a temporary restraining order ("TRO") is to allow the trial court to preserve the status quo until it can hold a hearing to determine whether it should grant a preliminary injunction. *Stocker Hinge Manufacturing Co. v. Darnel Industries, Inc.,* 94 Ill.2d 535, 541 (1983). In order to obtain a TRO, a plaintiff must demonstrate that it (1) possesses a protectable right, (2) will suffer irreparable harm without the protection of an injunction, (3) has no adequate remedy at law, and (4) is likely to succeed on the merits of their action. *American Federation of State, County, and Mun. Employees, Council 31 v. Ryan*, 332 Ill.App.3d 965, 966 (1st Dist. 2002).

"The plaintiff is not required to make out a case which would entitle him to judgment at trial; rather, he only needs to show that he raises a 'fair question' about the existence of his right and that the court should preserve the status quo until the cause can be decided on the merits." *Stocker*, 94 Ill.2d at 542. A TRO should not be denied just because the court may not be absolutely certain the plaintiff has the right he claims. *Id.*

Temporary restraining orders issued without a bond will not be found invalid because the requirement for a bond is discretionary, not mandatory. *American Warehousing Services, Inc. v. Weitzman*, 169 Ill.App.3d 708, 712-13 (1st Dist. 1988).


## III.     ARGUMENT

Plaintiff has satisfied all of the requisite elements for injunctive relief and require a temporary restraining order to immediately enjoin Defendant from causing additional harm to

Plaintiff through the freezing or placing of holds on Plaintiff's accounts and to mandate that Defendant release any freezes or holds on Plaintiff's accounts. *Henslers v. Busey Bank*, 231 Ill.App.3d 920 (4th Dist. 1992) (Even where a creditor may have a right to a past due debt, it is improper to freeze an individuals account where the funds in question far exceed the amount currently owed to the Creditor). In this case, there is not an order, judgment, or other form of process that would allow Defendant to unilaterally freeze Plaintiff's accounts, including accounts held by third parties like BoA and Webull. Defendant has also refused and failed to provide Plaintiff with any information regarding Defendant's alleged "investigation," which has now gone beyond a mere "investigation."

### A. Plaintiff has a protectable interest.

A party's personal property that might be disposed of or otherwise transferred is properly before the court on a temporary restraining order. *All Seasons Excavating Co. v. Bluthardt*, 216 Ill.App.3d 504 (1st dist. 1991). A party's access to and right in a bank account is a proper subject of a temporary restraining order. *All Seasons Excavating Co. v. Bluthardt*, 216 Ill.App.3d 504 (1st Dist. 1991); *Edgar v Miller*, 110 Ill.App.3d 265 (4th Dist. 1982). Plaintiff is an individual who has his entire life savings in various platforms and accounts for the purpose of investing and trading stocks and commodities. The entirety of Plaintiff's assets have now been frozen by Defendant, including various accounts with third parties, without any reason or justification by Defendant. Plaintiff is the true owner and sole owner of the accounts and assets contained therein. Defendant has no right or interest to Plaintiff's accounts, especially those accounts with various third parties, including BoA, Webull, and Robinhood.

**B. Plaintiff is likely to succeed on the merits of his claims against Defendant.**

To show a likelihood of success on the merits, the moving party must: (1) raise a fair question as to the existence of the right claimed; (2) lead the court to believe that it will probably be entitled to the relief prayed for if the proof sustains its allegations; and, (3) persuade the court that parties must maintain the status quo. *Abdulhafedh v. Secretary of State*, 161 Ill.App.3d 413, 417 (2d Dist. 1987). Plaintiff's Complaint raises more than a fair question that the right claimed by him, i.e. ownership of the funds and accounts, are absolute. *See Liebert Corp. v. Mazur*, 357 Ill.App.3d 265, 282-85 (1st Dist. 2005). The Complaint demonstrates that Defendant has attempted to freeze or place holds on various accounts held by third parties without court order and without notice, justification, reason, or otherwise. Defendant has no justifiable reason for its attempts to freeze the entirety of Plaintiff's funds and accounts, especially without notice.

For the purposes of this summary proceeding, Plaintiff has presented sufficient documentation and evidence to show that he is the sole owner of the accounts with BoA, Webull, Robinhood, and even Defendant and that no one else has an interest in said accounts, including Defendant. Preserving the status quo by granting the mandatory and injunctive relief requested herein is necessary until this Court can entertain the above-captioned matter on the merits. Defendant cannot attempt to jump to the front of the line or ruin Plaintiff's ability to survive merely because of an ongoing investigation that after three months, has not been described to Plaintiff or otherwise found any proof therefor.

**C. A temporary restraining order is the only way for Plaintiff to avoid any further irreparable harm for which there is no adequate remedy at law.**

The temporary restraining order is an emergency remedy designed to prevent immediate and irreparable harm. *Stanton v. City of Chicago*, 177 Ill.App.3d 519, 523 (1st Dist. 1988). The

conversion of assets of another party is an appropriate irreparable harm that is subject to a temporary restraining order. *New Light Cemetery Association v. Baumhardt*, 373 Ill.App.3d 1013 (1st Dist. 2007).

In this case, there exists an immediate need for the temporary restraining order that will prevent irreparable harm. Namely, since December of 2020, Defendant has made numerous attempts to freeze and place holds on Plaintiff's assets and accounts without Plaintiff's consent or authorization. Plaintiff has never been given anything by Defendant that would shed light on Defendant's alleged issue with Plaintiff or his accounts and Defendant's attempts to destroy Plaintiff's ability to pay his debts, monthly bills, or even buy groceries is improper and wrong. Additionally, since Defendant has chosen to attempt to gain access, control, and dominion over Plaintiff's accounts, Plaintiff is incurring damage to his credit report, is being made susceptible to potential claims by his creditors for non-payment of said accounts. Defendant's actions will ultimately result in multiple lawsuits regarding Plaintiff, which can only be prevented through the entry of a temporary restraining order.

Simply, if Defendant is not enjoined from its continued improper conduct, the Court would allow Defendant to continue to convert Plaintiff's assets without justification, court order, or judgment, while simultaneously placing Plaintiff in financial ruing and clogging the Court with additional cases involving Plaintiff due to the non-payment of his debts. It will also prevent Plaintiff from being able to survive, pay for his daily living expenses, or even buy food. This is precisely why a temporary restraining order is absolutely necessary. Defendant cannot be allowed to continue to violate the law during the pendency of this litigation. The true extent of harm caused by Defendant regarding Plaintiff is likely immeasurable and may last for several years to come.

IV.    **CONCLUSION**

For all of the foregoing reasons, Plaintiff respectfully requests that this Honorable Court:

A.    Grant Plaintiff's motion and supporting memorandum;

B.    Enter a *Temporary Restraining Order* in a form similar to the relief that is sought by the Complaint; and,

C.    Provide Plaintiff with such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

**Subhash Mannava,** *Plaintiff*

By:    /s/ Oran D. Cart
One of His Attorneys

Oran D. Cart, Esq.
  Ill. Atty. No.: 6320411
  oran@cartlawoffices.com
Cart & Guth Law, LLC
1125 Wheaton Oaks Court
Wheaton, Illinois 60187
(630) 916-4200

7

Andrea Lynn Chasteen
Will County Circuit Clerk
Twelfth Judicial Circuit Court
Electronically Filed
2021CH000075
Filed Date: 3/2/2021 12:12 PM
Envelope: 12403510
Clerk: AHD

**STATE OF ILLINOIS**  )
        ) SS:
**COUNTY OF DuPAGE**  )

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS

SUBHASH MANNAVA, an individual,  )
             )
    Plaintiff,     )
             )
    v.         )  Case No. 2021CH000075
             )
TD AMERITRADE, INC., a New York  )  Hon.
Corporation,       )
             )
    Defendant.   )

### AFFIDAVIT OF ORAN D. CART

The undersigned affiant, Oran D. Cart, being first duly sworn on oath, deposes and states as follows:

1.  I am over the age of eighteen (18) years and would testify competently to the facts set forth herein if called upon to do so.

2.  I am an attorney duly licensed to practice law in the State of Illinois. I am currently engaged in the private practice of law as the founder and owner of the Cart & Guth Law, LLC, and have been practicing in the area of civil litigation, including business and corporate disputes since November of 2015.

3.  Since February of 2021, my firm has been retained to represent the Plaintiff in the above-captioned matter and to represent him regarding the Defendant's various attempts to freeze or place holds on Plaintiff's accounts without notice, reason, or justification for doing so.

4.  This Affidavit is filed in support of *Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction.*

Page 1 of 3

5.     Based upon my investigation of this matter, based upon my discussions with Plaintiff, and based upon Defendant's recent decision during the week of February 15, 2021 to unilaterally remove funds from Plaintiff's various acccounts, as well as the exhibits to the Complaint, Defendant is not ceasing its conduct and is actually increasing its attempts to improperly seize Plaintiff's assets that are his only source of income and livelihood.

6.     Plaintiff has made reasonable attempts to ascertain why Defendant is taking said actions, but Defendant has refused to provide any information or evidence as to its ongoing investigation or why it has unilaterally decided to seize Plaintiff's accounts and assets without court order, judgment, or any other form of process.

7.     Based upon Defendant's conduct, especially its recent decision to place a hold on approximately $88,000.00 worth of assets and to transfer approximately $26,000.00, without authorization or consent from Plaintiff, I do not believe that Plaintiff can afford to allow Defendant to continue its "investigation," which has no merit and has now been ongoing for three months.

8.     Plaintiff has been extremely patient with Defendant in the hope that whatever misunderstanding or misperception by Defendant would be cured, but Defendant has refused to cease its improper conduct and is acting in direct violation of the law.

9.     Thus, Plaintiff must request that this Court enjoin Defendant from making any further attempts to convert, obtain, transfer, or otherwise interfere with Plaintiff's accounts and assets during the pendency of this litigation.

10.     Further, I do not believe that Plaintiff can continue to allow Defendant to freeze or hold Plaintiff's accounts and assets while Plaintiff continues to suffer harm.

11.     Finally, I do not believe that Defendant will cease its improper behavior without this Court enjoining it from doing so through the entry of a temporary restraining order.

12.    The foregoing reasons serve as the emergency basis for Plaintiff's motion to temporarily restrain Defendant from the aforementioned conduct.

13.    Moreover, the foregoing reasons serve as the emergency basis for Plaintiffs' motion to temporarily restrain, enjoin, and mandate that Defendant cease placing freezes and holds on Plaintiff's accounts, while simultaneously mandating that Defendant remove any existing holds or freezes on his accounts and releasing any funds to Plaintiff that Defendant obtained through said holds or freezes.

14.    This emergency motion is not brought for the purposes of delay or harassment.

15.    The facts set forth herein are true and correct.  I have not knowingly withheld any pertinent information.

**Further, Affiant sayeth not.**

_____

Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

_____
Oran D. Cart

Page 3 of 3