**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT**

| | | |
|---|---|---|
| SUBHASH MANNAVA, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 21-cv-1303 |
| | ) | |
| v. | ) | Hon. |
| | ) | |
| TD AMERITRADE, INC., WEBULL | ) | Removed from the Circuit Court of the |
| FINANCIAL, LLC, APEX CLEARING | ) | Twelfth Judicial Circuit, Will County, |
| CORPORATION, ROBINHOOD | ) | Illinois |
| FINANCIAL, LLC, and BANK OF | ) | |
| AMERICA, | ) | State Court Case No.: 2021-CH-75 |
| Defendants. | ) | |

## VERIFIED FIRST AMENDED COMPLAINT

NOW COMES Plaintiff, Subhash Mannava ("Plaintiff"), and for this *Verified First Amended Complaint* against Defendants, TD Ameritrade, Inc. ("TDA"), Webull Financial, LLC ("Webull"), Apex Clearing Corporation ("Apex"), Robinhood Financial, LLC ("Robinhood"), and Bank of America ("BoA") (TDA, Webull, Apex, Robinhood, and BoA collectively referred to as "Defendants"), states as follows:

### The Parties

1.      Plaintiff is an individual residing at 3424 Empress Drive, Naperville, Illinois 60564.

2.      TDA is a New York corporation doing business across the country and providing various brokerage services to its clients.

3.      Webull is a limited liability company with its primary place of business located in New York, New York, but operating throughout the country and providing various brokerage services to its clients.

4.      Robinhood is a limited liability company with its primary place of business in Menlo Park, California, but operating throughout the country and providing various brokerage

services to its clients.

5.     Apex is a corporation with its primary place of business in Dallas, Texas and providing clearing and financial services to various third parties throughout the country.

6.     BoA is a corporation with its primary place of business in Charlotte, North Carolina, but doing business throughout the country by providing various financial and banking services to clients.

## Jurisdiction and Venue

7.     Jurisdiction is conferred on this Court by 28 U.S.C §1332, as the amount in controversy exceeds $75,000.00 and the parties are citizens of different states.

8.     Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(c).

## Factual Allegation Common to All Counts

9.     Prior to December of 2020, Plaintiff created an account through Defendants' various systems in order to perform and make various trades involving stocks and various other commodities.

10.     Plaintiff's primary source of income is related to his activity in trading and purchasing various stocks and commodities through various online systems controlled by Defendants.

11.     In December, Plaintiff made various transfers from his Robinhood and Webull accounts to TDA.

12.     Due to a clerical error, Robinhood reversed its transfer to TDA in the amount of $5,000.00, but the Webull transfer successfully transferred to TDA.

13.     Due to the Robinhood reversal of the transfer in the amount of $5,000.00, TDA

marked Plaintiff's account as "potential fraud," which prevented Plaintiff from making any additional trades through TDA's portal.

14.     Due to TDA's initial marking of Plaintiff's account as "potential fraud," Plaintiff was forced to withdraw his funds from TDA's system and transferred his money to his BoA account.

15.     TDA subsequently closed Plaintiff's account without notice to Plaintiff and without explaining why Plaintiff's account was being closed beyond merely stating that TDA is "investigating" Plaintiff's account.

16.     The aforementioned actions set up a chain reaction of sorts that resulted in each of Plaintiff's accounts with Defendants being "frozen" due to "potential fraud."

17.     Since December of 2020, the Defendants have each been undertaking "investigations" into the alleged potential fraud by Plaintiff.

18.     After transferring his money to his BoA account, Plaintiff transferred $500.00 to his sister's account through an online transfer portal called Zelle.

19.     In January of 2021, BoA froze Plaintiff's account without notice.

20.     Upon further inquiry, BoA informed Plaintiff that Defendant had put a "freeze" on Plaintiff's account due to an ongoing investigation by TDA.

21.     Again, Defendants never informed Plaintiff of any investigation or the underlying basis for single-handedly freezing his accounts without notice or without instituting a civil case to determine whether Plaintiff's actions justified any of the accusations levied by Defendants.

22.     After having numerous discussions with BoA, BoA finally disclosed that TDA had made a fraud claim against Plaintiff's accounts.

23.     BoA had been informed of an alleged $88,000.00 wire fraud claim, but had never

informed Plaintiff of any such claim, let alone the underlying basis or evidence of such a claim.

24.    Plaintiff was denied access to his funds in the various accounts held by Defendants, which were his sole source of income and ability to make his monthly payments.

25.    Further, Plaintiff believes that he had approximately $400.00 remaining in TDA's account, which TDA is denying Plaintiff access to and continues to deny Plaintiff access to said funds.

26.    The funds "held" by TDA are due to a sudden "charge" to Plaintiff's account with BoA to TDA in the amount of $400.00 without notice, reason, or Plaintiff's authorization.

27.    In February, Defendants' actions progressed to the point that they even put a freeze on Plaintiff's sister's account in the amount of $500.00 due to the $500.00 that Plaintiff had transferred to his sister in December. A true and accurate copy of the February 16, 2021 BoA Letter is attached hereto and incorporated herein by reference as **Exhibit 1**.

28.    Webull informed Plaintiff that TDA had placed the freeze on Plaintiff's account through Apex, a transfer service that is used by several of the Defendants to transfer funds between its customers and business.

29.    In February, Plaintiff was finally given a reason for TDA's actions wherein TDA informed Plaintiff that his actions were "fraudulent," but provided no explanation therefor and refused to provide Plaintiff with any additional information regarding his accounts, why TDA had frozen said accounts, or the underlying basis for TDA's actions since December of 2020.

30.    Defendants have made various withdrawals from Plaintiff's accounts without Plaintiff's consent, authorization, or notice.

31.    Further, Plaintiff attempted to place various trades with Webull for the purchase of additional shares that were rejected due to the alleged "fraud," which ultimately resulted in Webull

shorting Plaintiff's position at a loss of nearly four (4) dollars per share, as opposed to the three (5) dollars per share gain he would have received had the trade been approved and finalized.

32.     This is evidenced by Plaintiff's attempt to place the purchase order on February 18 for 4,000 additional shares of PLTR at approximately $25.00 per share, which Webull refused to place based upon the "freeze" on Plaintiff's account.

33.     Plaintiff was able to confirm this through communications with a Webull representative.

34.     Thereafter, Plaintiff attempted to sell his remaining shares of PLTR when it reached $30.45 per share but, again, Plaintiff was prevented from doing so due to Webull's "freeze" on his account.

35.     On February 26, 2021, Webull liquidated Plaintiff's position in PLTR without Plaintiff's notice, consent, or authorization, at a price of $23.00 per share.

36.     These actions by Webull resulted in a total loss to Plaintiff in excess of $55,000.00.

37.     Webull has apparently sold all of Plaintiff's securities and stocks, but has failed or refused to turnover the proceeds from said transfers to Plaintiff.

38.     Due to Defendants' actions, Plaintiff has no funds, no income, and no ability to make his monthly payments, which has resulted in his various debts being deficient and has impacted his credit report.

39.     Moreover, Plaintiff has been unable to reinvest, trade, or otherwise transfer his funds, assets, stocks, or commodities.

40.     This has resulted in significant losses to Plaintiff due to market volatility.

41.     Defendants have made numerous transfers from Plaintiff's account and recently withdrew, without Plaintiff's consent or knowledge, $26,950.00 from Plaintiff's account. A true

and accurate copy of the bank statement evidencing the transfer is attached hereto and incorporated herein by reference as **Exhibit 2**.

42.     Due to Defendants' actions, all of Plaintiff's accounts have either been frozen or closed and the funds have not been returned to Plaintiff. A true and accurate copy of the WeBull and BoA communications confirming such action is attached hereto and incorporated herein by reference as **Exhibit 3**.

43.     Notably, Webull is withholding in excess of $100,000.00 of Plaintiff's funds, BoA closed Plaintiff's account after processing a claim for TDA, and none of the Defendants have returned any of the funds that belong to Plaintiff despite the closure of his accounts.

44.     In short, Plaintiff cannot trade securities, cannot access his funds, and cannot pay his bills due to the actions of Defendants, who have each refused to provide Plaintiff with any explanation as to why the funds were being held, why the accounts were being closed, and why the funds were not being turned over to Plaintiff.

45.     It is improper and unlawful that Defendants would convert Plaintiff's funds and then, without justification, refuse to provide Plaintiff any information as to Defendants' actions, their investigation, or the underlying basis for why they have taken said actions.

**Count I – Conversion**
**(Plaintiff v. TDA)**

46.     Plaintiff restates and incorporates herein by reference Paragraphs 1 through 45 above as and for Paragraph 46 of this Count I as if such allegations were fully set forth herein.

47.     The funds and accounts that have been frozen by TDA are rightfully Plaintiff's funds.

48.     Plaintiff has a superior interest to the funds in his various accounts to that of any

other party, including TDA.

49.     Plaintiff has an absolute and unconditional right to the immediate possession of the funds and accounts as alleged herein.

50.     Plaintiff has made demand for the possession of the funds and the release of the freezes in his account, but TDA has refused to do so and has refused to provide Plaintiff with any information as to why his funds are being frozen.

51.     TDA has wrongfully and without authorization assumed control, dominion, or ownership over Plaintiff's funds and accounts, including those accounts that are with third-party institutions.

52.     TDA has no justifiable basis for withholding Plaintiff's funds, withdrawing funds from his accounts, or from otherwise restricting Plaintiff's use of his funds, especially with third-parties.

53.     TDA has intentionally and wrongfully deprived Plaintiff from the use of his property and Plaintiff has been damaged.

54.     Plaintiff has been damaged in that he has been unable to use his funds to pay his daily living expenses, has no other source of income, is unable to pay his other liabilities which has had a direct impact on his credit report, and has been unable to transfer or purchase stocks or commodities that has resulted in a reduction in the value of Plaintiff's portfolio.

55.     TDA has even failed to state the amount that it allegedly believes to be wire fraud and has, instead, frozen the entirety of Plaintiff's funds held by TDA without explanation.

56.     Due to TDA's actions to date, Plaintiff has no adequate remedy at law as he does not have access to his assets and funds and is unable to pay for his own living expenses due to TDA's actions.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

A.   Enter judgment in favor of Plaintiff and against TDA, in an amount in excess of $75,000.00 plus interest or such other amount as proven by the evidence in this case;

B.   Award Plaintiff punitive damages due to TDA's intentional and improper conduct;

C.   Award Plaintiff his costs of suit, other litigation costs, and attorneys' fees incurred in this matter to the extent permitted by law; and

D.   Provide Plaintiff with such other and further relief as this Honorable Court deems appropriate and just.

### Count II – Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.*) (Plaintiff v. TDA)

57.   Plaintiff restates and incorporates herein by reference Paragraphs 1 through 56 above as and for Paragraph 57 of this Count II as if such allegations were fully set forth herein.

58.   Section 2 of the Illinois Consumer Fraud and Deceptive Business Practices Act (the "Act") provides, in pertinent part:

> Unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression, or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact * * * are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

> 815 ILCS 505/2 (West, 2018).

59.   TDA has failed and refused to provide Plaintiff with any information regarding TDA's decision to freeze all of Plaintiff's accounts.

60.   TDA has failed and refused to communicate with Plaintiff and has refused to provide any evidence regarding the alleged "wire fraud."

61.     TDA intentionally did not provide information to Plaintiff regarding TDA's actions in an attempt to defraud Plaintiff and to convert his assets and accounts.

62.     TDA has taken steps in furtherance of its interests to intentionally harm Plaintiff and prevent Plaintiff from having access to his funds of which he is the true owner.

63.     TDA engaged in deceptive acts by failing to provide Plaintiff notice of any alleged issues or claims regarding Plaintiff's accounts and by failing to provide notice to Plaintiff of TDA's alleged issues with Plaintiff's account.

64.     TDA knew, at the time it refused to provide additional information to Plaintiff, that it intended to freeze all of his accounts for a reason that has never been explained to Plaintiff.

65.     TDA refused to provide additional information to Plaintiff, despite requests therefor, in order to take control and dominion over Plaintiff's accounts and assets without court order or process.

66.     TDA's false statements regarding their ongoing investigation induced Plaintiff to continue to rely on TDA's alleged investigation and to delay filing the instant lawsuit.

67.     TDA's misrepresentations were made with the intent that Plaintiff would rely on TDA's deception and misstatements of fact.

68.     TDA's misrepresentations and deceptive practices were made during the course of trade and commerce through its attempt to gain access to Plaintiff's account without any justification for said access.

69.     TDA's conduct has been both willful and wanton as shown by its abject failure to disclose the fact that it intended to freeze and convert Plaintiff's assets and by its abject failure to inform Plaintiff or disclose the underlying basis for its alleged claims, other than the fact that TDA has accused Plaintiff of wire fraud, without proof thereof.

9

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

A.    Enter judgment in favor of Plaintiff and against TDA, in an amount in excess of $75,000.00 plus interest or such other amount as proven by the evidence in this case;

B.    Award Plaintiff punitive damages for TDA's willful and wanton misconduct in conducting their business affairs;

C.    Award Plaintiff his costs of suit, other litigation costs, and attorneys' fees incurred in this matter to the extent permitted by law; and,

D.    Provide Plaintiff with such other and further relief as this Honorable Court deems appropriate and just.

## Count III – Constructive Trust
### (Plaintiff v. TDA)

70.    Plaintiff restates and incorporates herein by reference Paragraphs 1 through 69 above as and for Paragraph 70 of this Count III as if such allegations were fully set forth herein.

71.    TDA has gained control over Plaintiff's accounts and assets without judgment or court order.

72.    TDA is in wrongful possession of the assets of the Plaintiff due to TDA's conversion and fraudulent activities regarding the freezing and dominion over Plaintiff's assets.

73.    TDA has gained possession of the various assets through its false representations to various third parties that there has been "wire fraud" by Plaintiff.

74.    The imposition of a constructive trust is necessary to prevent unjust enrichment to TDA or further conversion by TDA of Plaintiff's assets in order to prevent it from obtaining financial gain through its fraudulent statements.

75.    The imposition of a constructive trust is warranted because TDA has gained control over Plaintiff's assets through fraud, conversion, and through improper means and without justification.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

A.    Enter judgment in favor of Plaintiff and against TDA, in an amount in excess of $75,000.00 plus interest or such other amount as proven by the evidence in this case;

B.    Impose a constructive trust on the assets improperly converted by TDA and rightfully belonging to Plaintiff;

C.    Award Plaintiff his costs of suit, other litigation costs, and attorneys' fees incurred in this matter to the extent permitted by law; and,

D.    Provide Plaintiff with such other and further relief as this Honorable Court deems appropriate and just.

## COUNT IV – Accounting
### (Plaintiff v. TDA)

76.    Plaintiff restates and incorporates by reference Paragraphs 1 through 75 above as and for Paragraph 76 of this Count IV as if such allegations of fact were fully set forth herein.

77.    Due to TDA's breach of its fiduciary duty, fraud, conversion, and improper actions, Plaintiff is entitled to an accounting as to each and every dollar that TDA has converted, obtained by fraud, or obtained through its breach of its fiduciary duty to Plaintiff.

78.    Plaintiff has a right to the assets that TDA has improperly obtained.

79.    Plaintiff has a right to know what TDA has done with Plaintiff's assets and funds.

80.    Plaintiff does not have an adequate remedy at law because Plaintiff cannot access his funds, make payments on any delinquent accounts, or pay for his everyday costs and living expenditures.

81.    An accounting will reveal what TDA has done with Plaintiff's assets and the extent to TDA's fraud and conversion of Plaintiff's assets.

82.    TDA has refused to provide Plaintiff with the information regarding his accounts and assets, despite request therefor.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

A.     Enter judgment in favor of Plaintiff and against TDA, in an amount in excess of $75,000.00 plus interest or such other amount as proven by the evidence in this case;

B.     Compel TDA to account as to all transactions in connection with the assets of Plaintiff;

C.     Order that TDA pay the Plaintiff the sums found due on the accounting;

D.     Award Plaintiff his costs of suit, other litigation costs, and attorneys' fees incurred in this matter to the extent permitted by law; and,

E.     Provide Plaintiff with such other and further relief as this Honorable Court deems appropriate and just.

## Count V – Conversion
### (Plaintiff v. Webull)

83.     Plaintiff restates and incorporates herein by reference Paragraphs 1 through 45 above as and for Paragraph 83 of this Count V as if such allegations were fully set forth herein.

84.     The funds and accounts that have been frozen by Webull are rightfully Plaintiff's funds.

85.     Plaintiff has a superior interest to the funds in his various accounts to that of any other party, including Webull.

86.     Plaintiff has an absolute and unconditional right to the immediate possession of the funds and accounts as alleged herein.

87.     Plaintiff has made demand for the possession of the funds and the release of the freezes in his account, but Webull has refused to do so and has refused to provide Plaintiff with any information as to why his funds are being frozen.

88.     Webull has wrongfully and without authorization assumed control, dominion, or ownership over Plaintiff's funds and accounts, including those accounts that are with third-party

institutions.

89.    Webull has no justifiable basis for withholding Plaintiff's funds, withdrawing funds from his accounts, or from otherwise restricting Plaintiff's use of his funds, especially with third-parties.

90.    Webull has intentionally and wrongfully deprived Plaintiff from the use of his property and Plaintiff has been damaged.

91.    Plaintiff has been damaged in that he has been unable to use his funds to pay his daily living expenses, has no other source of income, is unable to pay his other liabilities which has had a direct impact on his credit report, and has been unable to transfer or purchase stocks or commodities that has resulted in a reduction in the value of Plaintiff's portfolio.

92.    Webull has even failed to state the amount that it allegedly believes to be wire fraud and has, instead, frozen the entirety of Plaintiff's funds held by Webull without explanation.

93.    Due to Webull's actions to date, Plaintiff has no adequate remedy at law as he does not have access to his assets and funds and is unable to pay for his own living expenses due to Webull's actions.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

A.    Enter judgment in favor of Plaintiff and against Webull, in an amount in excess of $75,000.00 plus interest or such other amount as proven by the evidence in this case;

B.    Award Plaintiff punitive damages due to Webull's intentional and improper conduct;

C.    Award Plaintiff his costs of suit, other litigation costs, and attorneys' fees incurred in this matter to the extent permitted by law; and

D.    Provide Plaintiff with such other and further relief as this Honorable Court deems appropriate and just.

**Count VI – Violation of the Illinois Consumer Fraud and
Deceptive Business Practices Act (815 ILCS 505/1 *et seq.*)
(Plaintiff v. Webull)**

94.     Plaintiff restates and incorporates herein by reference Paragraphs 1 through 45 and

83 through 93 above as and for Paragraph 94 of this Count VI as if such allegations were fully set

forth herein.

95.     Section 2 of the Illinois Consumer Fraud and Deceptive Business Practices Act (the

"Act") provides, in pertinent part:

> Unfair or deceptive acts or practices, including but not limited to the use or
> employment of any deception, fraud, false pretense, false promise,
> misrepresentation or the concealment, suppression or omission of any
> material fact, with intent that others rely upon the concealment, suppression,
> or omission of any material fact, with intent that others rely upon the
> concealment, suppression or omission of such material fact * * * are hereby
> declared unlawful whether any person has in fact been misled, deceived or
> damaged thereby.

> 815 ILCS 505/2 (West, 2018).

96.     Webull has failed and refused to provide Plaintiff with any information regarding

TDA's decision to freeze all of Plaintiff's accounts.

97.     Webull has failed and refused to communicate with Plaintiff and has refused to

provide any evidence regarding the alleged "wire fraud."

98.     Webull intentionally did not provide information to Plaintiff regarding Webull's

actions in an attempt to defraud Plaintiff and to convert his assets and accounts.

99.     Webull has taken steps in furtherance of its interests to intentionally harm Plaintiff

and prevent Plaintiff from having access to his funds of which he is the true owner.

100.    Webull engaged in deceptive acts by failing to provide Plaintiff notice of any

alleged issues or claims regarding Plaintiff's accounts and by failing to provide notice to Plaintiff

of Webull's alleged issues with Plaintiff's account.

101.    Webull knew, at the time it refused to provide additional information to Plaintiff, that it intended to freeze all of his accounts for a reason that has never been explained to Plaintiff.

102.    Webull refused to provide additional information to Plaintiff, despite requests therefor, in order to take control and dominion over Plaintiff's accounts and assets without court order or process.

103.    Webull's false statements regarding their ongoing investigation induced Plaintiff to continue to rely on Webull's alleged investigation and to delay filing the instant lawsuit.

104.    Webull's misrepresentations were made with the intent that Plaintiff would rely on Webull's deception and misstatements of fact.

105.    Webull's misrepresentations and deceptive practices were made during the course of trade and commerce through its attempt to gain access to Plaintiff's account without any justification for said access.

106.    Webull's conduct has been both willful and wanton as shown by its abject failure to disclose the fact that it intended to freeze and convert Plaintiff's assets and by its abject failure to inform Plaintiff or disclose the underlying basis for its alleged claims, other than the fact that Webull has accused Plaintiff of wire fraud, without proof thereof.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

A.    Enter judgment in favor of Plaintiff and against Webull, in an amount in excess of $75,000.00 plus interest or such other amount as proven by the evidence in this case;

B.    Award Plaintiff punitive damages for Webull's willful and wanton misconduct in conducting their business affairs;

C.    Award Plaintiff his costs of suit, other litigation costs, and attorneys' fees incurred in this matter to the extent permitted by law; and,

D.    Provide Plaintiff with such other and further relief as this Honorable Court deems appropriate and just.

### Count VII – Constructive Trust
### (Plaintiff v. Webull)

107.    Plaintiff restates and incorporates herein by reference Paragraphs 1 through 45 and 83 through 106 above as and for Paragraph 107 of this Count VII as if such allegations were fully set forth herein.

108.    Webull has gained control over Plaintiff's accounts and assets without judgment or court order.

109.    Webull is in wrongful possession of the assets of the Plaintiff due to Webull's conversion and fraudulent activities regarding the freezing and dominion over Plaintiff's assets.

110.    Webull has gained possession of the various assets through its false representations to various third parties that there has been "wire fraud" by Plaintiff.

111.    The imposition of a constructive trust is necessary to prevent unjust enrichment to Webull or further conversion by Webull of Plaintiff's assets in order to prevent it from obtaining financial gain through its fraudulent statements.

112.    The imposition of a constructive trust is warranted because Webull has gained control over Plaintiff's assets through fraud, conversion, and through improper means and without justification.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

A.    Enter judgment in favor of Plaintiff and against Webull, in an amount in excess of $75,000.00 plus interest or such other amount as proven by the evidence in this case;

B.    Impose a constructive trust on the assets improperly converted by Webull and rightfully belonging to Plaintiff;

C.    Award Plaintiff his costs of suit, other litigation costs, and attorneys' fees incurred in this matter to the extent permitted by law; and,

D.    Provide Plaintiff with such other and further relief as this Honorable Court

deems appropriate and just.

## COUNT VIII – Accounting
### (Plaintiff v. Webull)

113.    Plaintiff restates and incorporates by reference Paragraphs 1 through 45 and 83 through 112 above as and for Paragraph 113 of this Count VIII as if such allegations of fact were fully set forth herein.

114.    Due to Webull's breach of its fiduciary duty, fraud, conversion, and improper actions, Plaintiff is entitled to an accounting as to each and every dollar that Webull has converted, obtained by fraud, or obtained through its breach of its fiduciary duty to Plaintiff.

115.    Plaintiff has a right to the assets that Webull has improperly obtained.

116.    Plaintiff has a right to know what Webull has done with Plaintiff's assets and funds.

117.    Plaintiff does not have an adequate remedy at law because Plaintiff cannot access his funds, make payments on any delinquent accounts, or pay for his everyday costs and living expenditures.

118.    An accounting will reveal what Webull has done with Plaintiff's assets and the extent to Webull's fraud and conversion of Plaintiff's assets.

119.    Webull has refused to provide Plaintiff with the information regarding his accounts and assets, despite request therefor.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

A.    Enter judgment in favor of Plaintiff and against Webull, in an amount in excess of $75,000.00 plus interest or such other amount as proven by the evidence in this case;

B.    Compel Webull to account as to all transactions in connection with the assets of Plaintiff;

C.    Order that Webull pay the Plaintiff the sums found due on the accounting;

D.     Award Plaintiff his costs of suit, other litigation costs, and attorneys' fees incurred in this matter to the extent permitted by law; and,

E.     Provide Plaintiff with such other and further relief as this Honorable Court deems appropriate and just.

## Count IX – Conversion
### (Plaintiff v. Apex)

120.     Plaintiff restates and incorporates herein by reference Paragraphs 1 through 45 above as and for Paragraph 120 of this Count IX as if such allegations were fully set forth herein.

121.     The funds and accounts that have been frozen by Apex are rightfully Plaintiff's funds.

122.     Plaintiff has a superior interest to the funds in his various accounts to that of any other party, including Apex.

123.     Plaintiff has an absolute and unconditional right to the immediate possession of the funds and accounts as alleged herein.

124.     Plaintiff has made demand for the possession of the funds and the release of the freezes in his account, but Apex has refused to do so and has refused to provide Plaintiff with any information as to why his funds are being frozen.

125.     Apex has wrongfully and without authorization assumed control, dominion, or ownership over Plaintiff's funds and accounts, including those accounts that are with third-party institutions.

126.     Apex has no justifiable basis for withholding Plaintiff's funds, withdrawing funds from his accounts, or from otherwise restricting Plaintiff's use of his funds, especially with third-parties.

127.     Apex has intentionally and wrongfully deprived Plaintiff from the use of his

property and Plaintiff has been damaged.

128.    Plaintiff has been damaged in that he has been unable to use his funds to pay his daily living expenses, has no other source of income, is unable to pay his other liabilities which has had a direct impact on his credit report, and has been unable to transfer or purchase stocks or commodities that has resulted in a reduction in the value of Plaintiff's portfolio.

129.    Apex has even failed to state the amount that it allegedly believes to be wire fraud and has, instead, frozen the entirety of Plaintiff's funds held by Apex without explanation.

130.    Due to Apex's actions to date, Plaintiff has no adequate remedy at law as he does not have access to his assets and funds and is unable to pay for his own living expenses due to Apex's actions.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

A.      Enter judgment in favor of Plaintiff and against Apex, in an amount in excess of $75,000.00 plus interest or such other amount as proven by the evidence in this case;

B.      Award Plaintiff punitive damages due to Apex's intentional and improper conduct;

C.      Award Plaintiff his costs of suit, other litigation costs, and attorneys' fees incurred in this matter to the extent permitted by law; and

D.      Provide Plaintiff with such other and further relief as this Honorable Court deems appropriate and just.

**Count X – Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.*) (Plaintiff v. Apex)**

131.    Plaintiff restates and incorporates herein by reference Paragraphs 1 through 45 and 120 through 130 above as and for Paragraph 131 of this Count X as if such allegations were fully set forth herein.

132.    Section 2 of the Illinois Consumer Fraud and Deceptive Business Practices Act (the "Act") provides, in pertinent part:

> Unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression, or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact * * * are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.
>
> 815 ILCS 505/2 (West, 2018).

133.    Apex has failed and refused to provide Plaintiff with any information regarding TDA's decision to freeze all of Plaintiff's accounts.

134.    Apex has failed and refused to communicate with Plaintiff and has refused to provide any evidence regarding the alleged "wire fraud."

135.    Apex intentionally did not provide information to Plaintiff regarding Apex's actions in an attempt to defraud Plaintiff and to convert his assets and accounts.

136.    Apex has taken steps in furtherance of its interests to intentionally harm Plaintiff and prevent Plaintiff from having access to his funds of which he is the true owner.

137.    Apex engaged in deceptive acts by failing to provide Plaintiff notice of any alleged issues or claims regarding Plaintiff's accounts and by failing to provide notice to Plaintiff of Apex's alleged issues with Plaintiff's account.

138.    Apex knew, at the time it refused to provide additional information to Plaintiff, that it intended to freeze all of his accounts for a reason that has never been explained to Plaintiff.

139.    Apex refused to provide additional information to Plaintiff, despite requests therefor, in order to take control and dominion over Plaintiff's accounts and assets without court order or process.

20

140.    Apex's false statements regarding their ongoing investigation induced Plaintiff to continue to rely on Apex's alleged investigation and to delay filing the instant lawsuit.

141.    Apex's misrepresentations were made with the intent that Plaintiff would rely on TDA's deception and misstatements of fact.

142.    Apex's misrepresentations and deceptive practices were made during the course of trade and commerce through its attempt to gain access to Plaintiff's account without any justification for said access.

143.    Apex's conduct has been both willful and wanton as shown by its abject failure to disclose the fact that it intended to freeze and convert Plaintiff's assets and by its abject failure to inform Plaintiff or disclose the underlying basis for its alleged claims, other than the fact that Apex has accused Plaintiff of wire fraud, without proof thereof.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

A.    Enter judgment in favor of Plaintiff and against Apex, in an amount in excess of $75,000.00 plus interest or such other amount as proven by the evidence in this case;

B.    Award Plaintiff punitive damages for Apex's willful and wanton misconduct in conducting their business affairs;

C.    Award Plaintiff his costs of suit, other litigation costs, and attorneys' fees incurred in this matter to the extent permitted by law; and,

D.    Provide Plaintiff with such other and further relief as this Honorable Court deems appropriate and just.

### Count XI – Constructive Trust
### (Plaintiff v. Apex)

144.    Plaintiff restates and incorporates herein by reference Paragraphs 1 through 45 and 120 through 143 above as and for Paragraph 144 of this Count XI as if such allegations were fully set forth herein.

145.    Apex has gained control over Plaintiff's accounts and assets without judgment or court order.

146.    Apex is in wrongful possession of the assets of the Plaintiff due to Apex's conversion and fraudulent activities regarding the freezing and dominion over Plaintiff's assets.

147.    Apex has gained possession of the various assets through its false representations to various third parties that there has been "wire fraud" by Plaintiff.

148.    The imposition of a constructive trust is necessary to prevent unjust enrichment to Apex or further conversion by Apex of Plaintiff's assets in order to prevent it from obtaining financial gain through its fraudulent statements.

149.    The imposition of a constructive trust is warranted because Apex has gained control over Plaintiff's assets through fraud, conversion, and through improper means and without justification.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

A.    Enter judgment in favor of Plaintiff and against Apex, in an amount in excess of $75,000.00 plus interest or such other amount as proven by the evidence in this case;

B.    Impose a constructive trust on the assets improperly converted by Apex and rightfully belonging to Plaintiff;

C.    Award Plaintiff his costs of suit, other litigation costs, and attorneys' fees incurred in this matter to the extent permitted by law; and,

D.    Provide Plaintiff with such other and further relief as this Honorable Court deems appropriate and just.

## COUNT XII – Accounting
### (Plaintiff v. Apex)

150.    Plaintiff restates and incorporates by reference Paragraphs 1 through 45 and 120 through 149 above as and for Paragraph 150 of this Count XII as if such allegations of fact were

fully set forth herein.

151.     Due to Apex's breach of its fiduciary duty, fraud, conversion, and improper actions, Plaintiff is entitled to an accounting as to each and every dollar that Apex has converted, obtained by fraud, or obtained through its breach of its fiduciary duty to Plaintiff.

152.     Plaintiff has a right to the assets that Apex has improperly obtained.

153.     Plaintiff has a right to know what Apex has done with Plaintiff's assets and funds.

154.     Plaintiff does not have an adequate remedy at law because Plaintiff cannot access his funds, make payments on any delinquent accounts, or pay for his everyday costs and living expenditures.

155.     An accounting will reveal what Apex has done with Plaintiff's assets and the extent to Apex's fraud and conversion of Plaintiff's assets.

156.     Apex has refused to provide Plaintiff with the information regarding his accounts and assets, despite request therefor.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

A.     Enter judgment in favor of Plaintiff and against Apex, in an amount in excess of $75,000.00 plus interest or such other amount as proven by the evidence in this case;

B.     Compel Apex to account as to all transactions in connection with the assets of Plaintiff;

C.     Order that Apex pay the Plaintiff the sums found due on the accounting;

D.     Award Plaintiff his costs of suit, other litigation costs, and attorneys' fees incurred in this matter to the extent permitted by law; and,

E.     Provide Plaintiff with such other and further relief as this Honorable Court deems appropriate and just.

**Count XIII – Conversion**
**(Plaintiff v. Robinhood)**

157.    Plaintiff restates and incorporates herein by reference Paragraphs 1 through 45 above as and for Paragraph 157 of this Count XIII as if such allegations were fully set forth herein.

158.    The funds and accounts that have been frozen by Robinhood are rightfully Plaintiff's funds.

159.    Plaintiff has a superior interest to the funds in his various accounts to that of any other party, including Robinhood.

160.    Plaintiff has an absolute and unconditional right to the immediate possession of the funds and accounts as alleged herein.

161.    Plaintiff has made demand for the possession of the funds and the release of the freezes in his account, but Robinhood has refused to do so and has refused to provide Plaintiff with any information as to why his funds are being frozen.

162.    Robinhood has wrongfully and without authorization assumed control, dominion, or ownership over Plaintiff's funds and accounts, including those accounts that are with third-party institutions.

163.    Robinhood has no justifiable basis for withholding Plaintiff's funds, withdrawing funds from his accounts, or from otherwise restricting Plaintiff's use of his funds, especially with third-parties.

164.    Robinhood has intentionally and wrongfully deprived Plaintiff from the use of his property and Plaintiff has been damaged.

165.    Plaintiff has been damaged in that he has been unable to use his funds to pay his daily living expenses, has no other source of income, is unable to pay his other liabilities which has had a direct impact on his credit report, and has been unable to transfer or purchase stocks or

commodities that has resulted in a reduction in the value of Plaintiff's portfolio.

166.     Robinhood has even failed to state the amount that it allegedly believes to be wire fraud and has, instead, frozen the entirety of Plaintiff's funds held by Robinhood without explanation.

167.     Due to Robinhood's actions to date, Plaintiff has no adequate remedy at law as he does not have access to his assets and funds and is unable to pay for his own living expenses due to Robinhood's actions.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

A.     Enter judgment in favor of Plaintiff and against Robinhood, in an amount in excess of $75,000.00 plus interest or such other amount as proven by the evidence in this case;

B.     Award Plaintiff punitive damages due to Robinhood's intentional and improper conduct;

C.     Award Plaintiff his costs of suit, other litigation costs, and attorneys' fees incurred in this matter to the extent permitted by law; and

D.     Provide Plaintiff with such other and further relief as this Honorable Court deems appropriate and just.

### Count XIV – Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.*) (Plaintiff v. Robinhood)

168.     Plaintiff restates and incorporates herein by reference Paragraphs 1 through 45 and 157 through 167 above as and for Paragraph 168 of this Count XIV as if such allegations were fully set forth herein.

169.     Section 2 of the Illinois Consumer Fraud and Deceptive Business Practices Act (the "Act") provides, in pertinent part:

Unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise,

misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression, or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact * * * are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

815 ILCS 505/2 (West, 2018).

170.    Robinhood has failed and refused to provide Plaintiff with any information regarding Robinhood's decision to freeze all of Plaintiff's accounts.

171.    Robinhood has failed and refused to communicate with Plaintiff and has refused to provide any evidence regarding the alleged "wire fraud."

172.    Robinhood intentionally did not provide information to Plaintiff regarding Robinhood's actions in an attempt to defraud Plaintiff and to convert his assets and accounts.

173.    Robinhood has taken steps in furtherance of its interests to intentionally harm Plaintiff and prevent Plaintiff from having access to his funds of which he is the true owner.

174.    Robinhood engaged in deceptive acts by failing to provide Plaintiff notice of any alleged issues or claims regarding Plaintiff's accounts and by failing to provide notice to Plaintiff of Robinhood's alleged issues with Plaintiff's account.

175.    Robinhoood knew, at the time it refused to provide additional information to Plaintiff, that it intended to freeze all of his accounts for a reason that has never been explained to Plaintiff.

176.    Robinhood refused to provide additional information to Plaintiff, despite requests therefor, in order to take control and dominion over Plaintiff's accounts and assets without court order or process.

177.    Robinhood's false statements regarding their ongoing investigation induced Plaintiff to continue to rely on Robinhood's alleged investigation and to delay filing the instant

lawsuit.

178.     Robinhood's misrepresentations were made with the intent that Plaintiff would rely on Robinhood's deception and misstatements of fact.

179.     Robinhood's misrepresentations and deceptive practices were made during the course of trade and commerce through its attempt to gain access to Plaintiff's account without any justification for said access.

180.     Robinhood's conduct has been both willful and wanton as shown by its abject failure to disclose the fact that it intended to freeze and convert Plaintiff's assets and by its abject failure to inform Plaintiff or disclose the underlying basis for its alleged claims, other than the fact that Robinhood has accused Plaintiff of wire fraud, without proof thereof.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

A.     Enter judgment in favor of Plaintiff and against Robinhood, in an amount in excess of $75,000.00 plus interest or such other amount as proven by the evidence in this case;

B.     Award Plaintiff punitive damages for Robinhood's willful and wanton misconduct in conducting their business affairs;

C.     Award Plaintiff his costs of suit, other litigation costs, and attorneys' fees incurred in this matter to the extent permitted by law; and,

D.     Provide Plaintiff with such other and further relief as this Honorable Court deems appropriate and just.

**Count XV – Constructive Trust**
**(Plaintiff v. Robinhood)**

181.     Plaintiff restates and incorporates herein by reference Paragraphs 1 through 45 and 157 through 180 above as and for Paragraph 181 of this Count XV as if such allegations were fully set forth herein.

182.     Robinhood has gained control over Plaintiff's accounts and assets without

judgment or court order.

183. Robinhood is in wrongful possession of the assets of the Plaintiff due to Robinhood's conversion and fraudulent activities regarding the freezing and dominion over Plaintiff's assets.

184. Robinhood has gained possession of the various assets through its false representations to various third parties that there has been "wire fraud" by Plaintiff.

185. The imposition of a constructive trust is necessary to prevent unjust enrichment to Robinhood or further conversion by Robinhood of Plaintiff's assets in order to prevent it from obtaining financial gain through its fraudulent statements.

186. The imposition of a constructive trust is warranted because Robinhood has gained control over Plaintiff's assets through fraud, conversion, and through improper means and without justification.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

A.    Enter judgment in favor of Plaintiff and against Robinhood, in an amount in excess of $75,000.00 plus interest or such other amount as proven by the evidence in this case;

B.    Impose a constructive trust on the assets improperly converted by Robinhood and rightfully belonging to Plaintiff;

C.    Award Plaintiff his costs of suit, other litigation costs, and attorneys' fees incurred in this matter to the extent permitted by law; and,

D.    Provide Plaintiff with such other and further relief as this Honorable Court deems appropriate and just.

**COUNT XVI – Accounting**
**(Plaintiff v. Robinhood)**

187. Plaintiff restates and incorporates by reference Paragraphs 1 through 45 and 157 through 186 above as and for Paragraph 187 of this Count XVI as if such allegations of fact were

fully set forth herein.

188.     Due to Robinhood's breach of its fiduciary duty, fraud, conversion, and improper actions, Plaintiff is entitled to an accounting as to each and every dollar that Robinhood has converted, obtained by fraud, or obtained through its breach of its fiduciary duty to Plaintiff.

189.     Plaintiff has a right to the assets that Robinhood has improperly obtained.

190.     Plaintiff has a right to know what Robinhood has done with Plaintiff's assets and funds.

191.     Plaintiff does not have an adequate remedy at law because Plaintiff cannot access his funds, make payments on any delinquent accounts, or pay for his everyday costs and living expenditures.

192.     An accounting will reveal what Robinhood has done with Plaintiff's assets and the extent to Robinhood's fraud and conversion of Plaintiff's assets.

193.     Robinhood has refused to provide Plaintiff with the information regarding his accounts and assets, despite request therefor.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

A.     Enter judgment in favor of Plaintiff and against Robinhood, in an amount in excess of $75,000.00 plus interest or such other amount as proven by the evidence in this case;

B.     Compel Robinhood to account as to all transactions in connection with the assets of Plaintiff;

C.     Order that Robinhood pay the Plaintiff the sums found due on the accounting;

D.     Award Plaintiff his costs of suit, other litigation costs, and attorneys' fees incurred in this matter to the extent permitted by law; and,

E.     Provide Plaintiff with such other and further relief as this Honorable Court deems appropriate and just.

## Count XVII – Conversion
### (Plaintiff v. BoA)

194.    Plaintiff restates and incorporates herein by reference Paragraphs 1 through 45 above as and for Paragraph 194 of this Count XVII as if such allegations were fully set forth herein.

195.    The funds and accounts that have been frozen by BoA are rightfully Plaintiff's funds.

196.    Plaintiff has a superior interest to the funds in his various accounts to that of any other party, including BoA.

197.    Plaintiff has an absolute and unconditional right to the immediate possession of the funds and accounts as alleged herein.

198.    Plaintiff has made demand for the possession of the funds and the release of the freezes in his account, but BoA has refused to do so and has refused to provide Plaintiff with any information as to why his funds are being frozen.

199.    BoA has wrongfully and without authorization assumed control, dominion, or ownership over Plaintiff's funds and accounts, including those accounts that are with third-party institutions.

200.    BoA has no justifiable basis for withholding Plaintiff's funds, withdrawing funds from his accounts, or from otherwise restricting Plaintiff's use of his funds, especially with third-parties.

201.    BoA has intentionally and wrongfully deprived Plaintiff from the use of his property and Plaintiff has been damaged.

202.    Plaintiff has been damaged in that he has been unable to use his funds to pay his daily living expenses, has no other source of income, is unable to pay his other liabilities which has had a direct impact on his credit report, and has been unable to transfer or purchase stocks or

commodities that has resulted in a reduction in the value of Plaintiff's portfolio.

203.     BoA has even failed to state the amount that it allegedly believes to be wire fraud

and has, instead, frozen the entirety of Plaintiff's funds held by BoA without explanation.

204.     Due to BoA's actions to date, Plaintiff has no adequate remedy at law as he does

not have access to his assets and funds and is unable to pay for his own living expenses due to

BoA's actions.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

A.     Enter judgment in favor of Plaintiff and against BoA, in an amount in excess
of $75,000.00 plus interest or such other amount as proven by the evidence
in this case;

B.     Award Plaintiff punitive damages due to BoA's intentional and improper
conduct;

C.     Award Plaintiff his costs of suit, other litigation costs, and attorneys' fees
incurred in this matter to the extent permitted by law; and

D.     Provide Plaintiff with such other and further relief as this Honorable Court
deems appropriate and just.

### Count XVIII – Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.*) (Plaintiff v. BoA)

205.     Plaintiff restates and incorporates herein by reference Paragraphs 1 through 45 and

194 through 204 above as and for Paragraph 205 of this Count XVIII as if such allegations were

fully set forth herein.

206.     Section 2 of the Illinois Consumer Fraud and Deceptive Business Practices Act (the

"Act") provides, in pertinent part:

> Unfair or deceptive acts or practices, including but not limited to the use or
> employment of any deception, fraud, false pretense, false promise,
> misrepresentation or the concealment, suppression or omission of any

material fact, with intent that others rely upon the concealment, suppression, or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact * * * are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

815 ILCS 505/2 (West, 2018).

207. BoA has failed and refused to provide Plaintiff with any information regarding BoA's decision to freeze all of Plaintiff's accounts.

208. BoA has failed and refused to communicate with Plaintiff and has refused to provide any evidence regarding the alleged "wire fraud."

209. BoA intentionally did not provide information to Plaintiff regarding BoA's actions in an attempt to defraud Plaintiff and to convert his assets and accounts.

210. BoA has taken steps in furtherance of its interests to intentionally harm Plaintiff and prevent Plaintiff from having access to his funds of which he is the true owner.

211. BoA engaged in deceptive acts by failing to provide Plaintiff notice of any alleged issues or claims regarding Plaintiff's accounts and by failing to provide notice to Plaintiff of BoA's alleged issues with Plaintiff's account.

212. BoA knew, at the time it refused to provide additional information to Plaintiff, that it intended to freeze all of his accounts for a reason that has never been explained to Plaintiff.

213. BoA refused to provide additional information to Plaintiff, despite requests therefor, in order to take control and dominion over Plaintiff's accounts and assets without court order or process.

214. BoA's false statements regarding their ongoing investigation induced Plaintiff to continue to rely on BoA's alleged investigation and to delay filing the instant lawsuit.

215. BoA's misrepresentations were made with the intent that Plaintiff would rely on

BoA's deception and misstatements of fact.

216.     BoA's misrepresentations and deceptive practices were made during the course of trade and commerce through its attempt to gain access to Plaintiff's account without any justification for said access.

217.     BoA's conduct has been both willful and wanton as shown by its abject failure to disclose the fact that it intended to freeze and convert Plaintiff's assets and by its abject failure to inform Plaintiff or disclose the underlying basis for its alleged claims, other than the fact that TDA has accused Plaintiff of wire fraud, without proof thereof.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

A.     Enter judgment in favor of Plaintiff and against BoA, in an amount in excess of $75,000.00 plus interest or such other amount as proven by the evidence in this case;

B.     Award Plaintiff punitive damages for BoA's willful and wanton misconduct in conducting their business affairs;

C.     Award Plaintiff his costs of suit, other litigation costs, and attorneys' fees incurred in this matter to the extent permitted by law; and,

D.     Provide Plaintiff with such other and further relief as this Honorable Court deems appropriate and just.

**Count XIX – Constructive Trust**
**(Plaintiff v. BoA)**

218.     Plaintiff restates and incorporates herein by reference Paragraphs 1 through 45 and 194 through 217 above as and for Paragraph 218 of this Count XIX as if such allegations were fully set forth herein.

219.     BoA has gained control over Plaintiff's accounts and assets without judgment or court order.

220.     BoA is in wrongful possession of the assets of the Plaintiff due to BoA's conversion

and fraudulent activities regarding the freezing and dominion over Plaintiff's assets.

221.    BoA has gained possession of the various assets through its false representations to various third parties that there has been "wire fraud" by Plaintiff.

222.    The imposition of a constructive trust is necessary to prevent unjust enrichment to BoA or further conversion by BoA of Plaintiff's assets in order to prevent it from obtaining financial gain through its fraudulent statements.

223.    The imposition of a constructive trust is warranted because BoA has gained control over Plaintiff's assets through fraud, conversion, and through improper means and without justification.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

A.    Enter judgment in favor of Plaintiff and against BoA, in an amount in excess of $75,000.00 plus interest or such other amount as proven by the evidence in this case;

B.    Impose a constructive trust on the assets improperly converted by BoA and rightfully belonging to Plaintiff;

C.    Award Plaintiff his costs of suit, other litigation costs, and attorneys' fees incurred in this matter to the extent permitted by law; and,

D.    Provide Plaintiff with such other and further relief as this Honorable Court deems appropriate and just.

## COUNT XX – Accounting
### (Plaintiff v. BoA)

224.    Plaintiff restates and incorporates by reference Paragraphs 1 through 45 and 194 through 223 above as and for Paragraph 224 of this Count XX as if such allegations of fact were fully set forth herein.

225.    Due to BoA's breach of its fiduciary duty, fraud, conversion, and improper actions, Plaintiff is entitled to an accounting as to each and every dollar that BoA has converted, obtained

by fraud, or obtained through its breach of its fiduciary duty to Plaintiff.

226.    Plaintiff has a right to the assets that BoA has improperly obtained.

227.    Plaintiff has a right to know what BoA has done with Plaintiff's assets and funds.

228.    Plaintiff does not have an adequate remedy at law because Plaintiff cannot access his funds, make payments on any delinquent accounts, or pay for his everyday costs and living expenditures.

229.    An accounting will reveal what BoA has done with Plaintiff's assets and the extent to BoA's fraud and conversion of Plaintiff's assets.

230.    BoA has refused to provide Plaintiff with the information regarding his accounts and assets, despite request therefor.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

A.    Enter judgment in favor of Plaintiff and against BoA, in an amount in excess of $75,000.00 plus interest or such other amount as proven by the evidence in this case;

B.    Compel BoA to account as to all transactions in connection with the assets of Plaintiff;

C.    Order that BoA pay the Plaintiff the sums found due on the accounting;

D.    Award Plaintiff his costs of suit, other litigation costs, and attorneys' fees incurred in this matter to the extent permitted by law; and,

E.    Provide Plaintiff with such other and further relief as this Honorable Court deems appropriate and just.

Respectfully submitted,

**Subhash Mannava, *Plaintiff***

By:   /s/ Oran D. Cart
    One of His Attorneys

Oran D. Cart, Esq.
    IL Atty. No. 6320411
    oran@cartlawoffices.com
Jesse B. Guth, Esq.
    IL Atty. No. 6320722
    jesse@cartlawoffices.com
Cart & Guth Law, LLC
1125 Wheaton Oaks Court
Wheaton, Illinois 60187
Phone: (630) 916-4200

## Verification

Under penalties as provided by law, the undersigned certifies that the statements set forth in the foregoing *Verified First Amended Complaint* are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.

Date: 3/24/2021

Subhash Mannava, *Plaintiff*

37