**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT**

| | | |
|---|---|---|
| SUBHASH MANNAVA, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 21-cv-1303 |
| | ) | |
| v. | ) | Hon. Matthew F. Kennelly |
| | ) | |
| TD AMERITRADE, INC., WEBULL FINANCIAL, LLC, APEX CLEARING CORPORATION, ROBINHOOD FINANCIAL, LLC, and BANK OF AMERICA, | ) ) ) ) ) | Removed from the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois |
| | ) | State Court Case No.: 2021-CH-75 |
| Defendants. | ) | |

**JOINT INITIAL STATUS REPORT**

The parties jointly submit the following Initial Status Report pursuant to the Court's Order issued in the above-captioned matter on April 29, 2021.

Defendants reserve all rights to compel arbitration and/or challenge personal jurisdiction in this matter. Plaintiff has agreed that Defendants' submission of this Joint Initial Status Report does not constitute any waiver of, or prejudice, those rights.

**I.     Nature of the Case**

    **A.     Identify the attorneys of record for each party.** Note the lead trial attorney and any local counsel:

        (a) Plaintiff's Counsel:
           i.   Ted Donner, Esq. – Lead trial attorney
           ii.  Oran D. Cart, Esq.

        (b) TD Ameritrade's Counsel:
           i.   Lauren J. Caisman, Esq., Bryan Cave Leighton Paisner LLP – Lead trial attorney
           ii.  Demetria Hamilton, Esq., Bryan Cave Leighton Paisner LLP

        (c) Apex Clearing Corporation's Counsel:
           i.   Lindsey Marsh Brown, Esq., who has not yet made an appearance.

1

    (d) Robinhood Financial LLC's Counsel:[1]
        i. Michael K. Coran, Esq., Klehr Harrison Harvey Branzburg LLP – Lead trial attorney
        ii. Paige M. Willan, Esq., Klehr Harrison Harvey Branzburg LLP

    (e) Webull Financial LLC's Counsel:
        i. Unknown at this time

    (f) Bank Of America's Counsel:
        i. Benjamin Cook, Esq., McGuire Woods LLP- Lead attorney

**B.**     **State the Basis for Federal Jurisdiction:**

The basis for Federal Jurisdiction in this case is pursuant Title 28, United States Code, Section 1332, as all of the parties are entities or individuals residing in different states and the amount in controversy exceeds $75,000.00.

**C.**     **Provide a short overview of the case in plain English (five sentences or less):**

Plaintiff initially filed this action in the 12th Judicial Circuit Court of Will County, Illinois against Defendant, TD Ameritrade, Inc. ("TDA") stemming from the alleged conversion of certain funds that allegedly belong to Plaintiff. TDA removed this matter to this Court on March 9, 2021 (Dkt. No. 1). Thereafter, Plaintiff filed his *Verified First Amended Complaint* (the "Complaint") to add Defendants Webull Financial, LLC ("Webull"), Apex Clearing Corporation ("Apex"), Robinhood Financial LLC ("Robinhood"), and Bank of America ("BoA") (TDA, Webull, Robinhood, Apex, and BoA are collectively referred to as "Defendants"). Plaintiff asserts claims arising from the alleged withholding of certain funds from Plaintiff. Defendants generally deny the allegations in Plaintiff's Complaint.

**D.**     **Describe the claims asserted in the complaint and the counterclaims and/or**

---

[1] Robinhood is in the process of engaging local counsel. Lead counsel is available for the status conference currently scheduled for May 6, 2021, but Robinhood's local counsel will not yet be available.

**third-party claims and/or affirmative defenses:**

The Complaint asserts the following claims: (Count I) Conversion against TDA; (Count II) Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (the "Act") against TDA; (Count III) Constructive Trust against TDA; (Count IV) Accounting against TDA; (Count V) Conversion against Webull; (Count VI) Violation of the Act against Webull; (Count VII) Constructive Trust against Webull; (Count VIII) Accounting against Webull; (Count IX) Conversion against Apex; (Count X) Violation of the Act against Apex; (Count XI) Constructive Trust against Apex; (Count XII) Accounting Against Apex; (Count XIII) Conversion against Robinhood; (Count XIV) Violation of the Act against Robinhood; (Count XV) Constructive Trust against Robinhood; (Count XVI) Accounting against Robinhood; (Count XVII) Conversion against BoA; (Count XVIII) Violation of the Act against BoA; (Count XIX) Constructive Trust against BoA; (Count XX) Accounting against BoA.

By agreement with Plaintiff, Defendants have not yet responded to the Complaint as the parties have expressed a mutual desire to explore early resolution of this case and are optimistic about reaching an early resolution. Plaintiff has agreed to a stay of the Defendants' responsive pleadings. As such, no affirmative defenses have yet been asserted.

In the event an early resolution cannot be reached, Defendants TDA and Robinhood each plan to move to compel this matter to arbitration pursuant to binding, enforceable arbitration provisions in agreements Plaintiff signed with each of those Defendants. Defendants also generally deny the allegations against them.

      E.    **What are the principal factual issues:**

1. Whether Defendants are holding Plaintiff's funds;
2. Whether Defendants have reported Plaintiff for fraud or any other improper actions, the content and accuracy of any such reports, and to whom said reports were made;

       3. Whether Defendants transferred or held Plaintiff's funds and assets without his permission or authorization; and
       4. Whether Plaintiff has any actual damages.

**F.**     **What are the principal legal issues:**

       1. Whether Plaintiff's claims should be compelled to arbitration; and
       2. Whether Defendants converted Plaintiff's funds.

**G.**     **What relief is the Plaintiff(s) seeking? Quantify the damages, if any. (A ballpark estimate is acceptable – the purpose is simply to give the Court a feel for the case. This estimate will not be admissible):**

       1. Plaintiff is seeking the return of the full value of the funds and assets that Plaintiff had invested or had saved through Defendants as of December 2020;
       2. Plaintiff is seeking punitive damages due to Defendants' alleged intentional and willful conduct;
       3. Plaintiff is seeking the removal of any and all alleged negative reports on his credit submitted by Defendants;
       4. Plaintiff is seeking damages related to his alleged negative credit report;
       5. Plaintiff is seeking his litigation costs, attorneys' fees, and costs of suit to the extent permitted by law; and
       6. In total, Plaintiff's alleged damages in the amount of the actual cash value of his assets and funds is approximately $120,000.00, plus punitive damages, attorneys' fees, and costs.

**H.**     **Have all of the defendants been served, or waived service of process? If not, identify the defendants that have not received service:**

All Defendants have been served. As of the date of the filing of this Initial Status Report, Plaintiff's counsel has been contacted and is in communication with all Defendants' counsel, excluding Webull. Webull has not appeared or otherwise contacted Plaintiff's counsel.

**II.**     <u>**Proposed Discovery Schedule**</u>

Subject to the Court's approval and consent and based upon the initial discussions between the parties, Plaintiff and Defendants (excluding Webull) are attempting to resolve this matter through settlement and have agreed to stay pleadings initially in an effort to effectuate a productive and cost-effective discussion. The parties thus respectfully request that the Court stay the case and/or refrain from entering a discovery schedule at this time. The parties propose providing the

4

Court with a status report regarding their settlement discussions within forty-five (45) days.

In the event a settlement cannot be reached, various Defendants will file motions to compel the claims against them to arbitration. These Defendants respectfully submit that discovery should be stayed as against them pending a decision on those motions.

### III. Trial

**A. Have any of the parties demanded a jury trial:**

Plaintiff has not demanded a jury trial. Defendants have not yet responded to the Complaint, by agreement.

**B. Estimate the length of trial**

Plaintiff estimates that the trial in this matter will take 3-5 days.

### IV. Settlement, Referrals, and Consent

**A. Have any settlement discussions taken place? If so, what is the status? Has the plaintiff made a written settlement demand? And, if so, did the defendant respond in writing? (Do _not_ provide any particulars of any demands or offers that have been made.)**

No formal settlement demands or responses have been made at this time. But, the parties (excluding Webull) have agreed to stay the pleadings in an effort to resolve this matter between Plaintiffs and Defendants. The parties (excluding Webull) have been informally sharing information to further this aim, with all rights reserved subject to compelling arbitration and/or challenging personal jurisdiction.

The parties (excluding Webull) are hopeful that this matter can be resolved quickly and efficiently at the onset of this matter and would ask that the Court set this matter for an initial status within forty-five (45) days from the May 6, 2021 initial status hearing.

**B. Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?**

Plaintiff would prefer that this matter be set for a settlement conference if the parties cannot settle this matter within the next thirty (30) days. If the parties cannot resolve this matter within the next thirty (30) days, Defendants do not believe this matter should be set for a settlement conference. Defendants would instead plan to file their motions to compel arbitration and/or other responsive pleadings.

**C. Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment? Do all parties _unanimously consent_ to that procedure? The Court strongly encourages parties to consent to the jurisdiction of the Magistrate Judge.**

The parties have informed their clients of the possibility. The parties do not consent to proceeding before the Magistrate Judge at this time.

**V.   Other**

Subject to the Court's approval and consent, the Parties have agreed to stay all pleadings, with Defendants retaining the right to raise, and Plaintiff to respond to, any rights, claims, defenses, or otherwise as to the Complaint. Further, the Parties are requesting that this matter be continued for forty-five (45) days to see if the Parties can resolve this matter without the Court's intervention.

Dated: May 4, 2021

Respectfully submitted,

| | |
|---|---|
| /s/ Oran D. Cart | /s/ Lauren J. Caisman (with permission) |
| Oran D. Cart | Lauren J. Caisman |
| oran@cartlawoffices.com | Demetria Hamilton |
| Cart & Guth Law, LLC | lauren.caisman@bclplaw.com |
| 1125 Wheaton Oaks Court | Demetria.hamilton@bclplaw.com |
| Wheaton, Illinois 60187 | Bryan Cave Leighton Paisner LLP |
| (630) 916-4200 | 161 North Clark Street, Suite 4300 |

*Counsel for Plaintiff*

/s/ Ted Donner
tdonner@donnerco.com
6204131
Donner & Company
1125 Wheaton Oaks Court
Wheaton, Illinois 60187
(630) 588-1131
*Counsel for Plaintiff*

Chicago, Illinois 60601
Tel: (312) 602-5079
*Counsel for TD Ameritrade, Inc.*

7