IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | | |
|---|---|---|
| SUBHASH MANNAVA, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 21-cv-1303 |
| | ) | |
| v. | ) | Hon. Matthew F. Kennelly |
| | ) | |
| TD AMERITRADE, INC., WEBULL | ) | Removed from the Circuit Court of the |
| FINANCIAL, LLC, APEX CLEARING | ) | Twelfth Judicial Circuit, Will County, |
| CORPORATION, ROBINHOOD | ) | Illinois |
| FINANCIAL, LLC, and BANK OF | ) | |
| AMERICA, | ) | State Court Case No.: 2021-CH-75 |
| Defendants. | ) | |

## MOTION TO REMAND

Pursuant to 28 U.S.C. §1447(c), the Plaintiff, Subhash Mannava ("Plaintiff"), by and through his attorneys, Cart & Guth Law, LLC and Donner and Company Law Offices, LLC, moves this honorable Court to remand this matter to the Twelfth Judicial Circuit, Will County, Illinois for further proceedings due to the lack of diversity jurisdiction based upon a lack of information as to the location of the members of the two limited liability company defendants, Webull Financial, LLC ("Webull") and Robinhood Financial, LLC ("Robinhood"). In support of this motion, Plaintiff states as follows:

1. This action was originally filed with the Twelfth Judicial Circuit, Will County, Illinois (the "State Court Matter").

2. On March 9, 2021, Defendant TD Ameritrade, Inc. ("TDA") filed its *Notice of Removal* (the "NOR") to remove this matter to Federal Court pursuant to diversity jurisdiction, as Plaintiff was an Illinois resident, TDA was an out-of-state resident based upon its place of incorporation and place of business, and that the amount in controversy was in excess of $75,000.00.

1

3. After speaking with TDA and obtaining additional documents and facts from Webull, Robinhood, Apex Clearing Corporation ("Apex"), and Bank of America ("BoA"), it became readily apparent that TDA was not the only party that was involved with the conversion of Plaintiff's funds and assets.

4. As such, Plaintiff was required to add the additional defendants Webull, Apex, Robinhood, and BoA due to the various entities holding and controlling Plaintiff's funds and due to the various improper and incorrect reports of fraud by the various entities.

5. Webull, Apex, Robinhood, and BoA are all necessary parties to this litigation.

6. On March 25, 2021, Plaintiff filed his *Verified First Amended Complaint* (the "Complaint") adding Webull, BoA, Robinhood, and Apex to this litigation as Defendants.

7. On May 6, 2021, the parties appeared before this Court on the initial status.

8. The Court advised Plaintiff that Plaintiff would need to amend the Complaint to add additional allegations of fact as to the location and citizenship of both Robinhood and Webull, as a limited liability company is a resident of any state in which its members reside.

9. The Court requested that Plaintiff file his amended complaint by or before May 17, 2021, to the extent he could.

10. As the Court noted at the last hearing, it may be difficult for Plaintiff to ascertain the location of the members of Robinhood and Webull and Plaintiff noted that he may have to conduct limited discovery in order to obtain the required information as to the citizenship of Webull and Robinhood.

11. Unfortunately, Webull has yet to appear in this matter, despite having been served and despite its deadline to respond having long since passed.

12. Due to Webull's failure to appear, Plaintiff cannot issue discovery to Webull or

otherwise uncover the requisite information required to adequately allege facts as to Webull's citizenship.

13. Despite said obstacles, Plaintiff has performed his due diligence and has made numerous attempts to obtain the requisite information required to ascertain whether Webull and Robinhood have members located in Illinois for the purposes of diversity jurisdiction.

14. Plaintiff's attempts to ascertain the location of the members of Webull and Robinhood includes the following: Contacting the Delaware Secretary of State; Researching publicly available records in Delaware, California, and New York; Researching prior lawsuits filed against Webull and Robinhood to ascertain the location of their members; Reviewing the SEC reports and filings for Webull and Robinhood; Reaching out to Robinhood's counsel and requesting that they confirm or deny whether its members reside in Illinois; and performing a public search of the two entities.

15. Despite Plaintiff's various attempts to ascertain the residence of Robinhood's and Webull's members, Plaintiff has been unable to do so.

16. Specifically, the Delaware Secretary of State disclosed that they did not have information as to the location or list of the members of Robinhood or Webull and that said information was not maintained or kept by the Delaware Secretary of State.

17. If after removal the plaintiff seeks to join additional defendants, whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court. 28 U.S.C. §1447(e).

18. In making this determination, the court considers: (1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not

otherwise uncover the requisite information required to adequately allege facts as to Webull's citizenship.

13. Despite said obstacles, Plaintiff has performed his due diligence and has made numerous attempts to obtain the requisite information required to ascertain whether Webull and Robinhood have members located in Illinois for the purposes of diversity jurisdiction.

14. Plaintiff's attempts to ascertain the location of the members of Webull and Robinhood includes the following: Contacting the Delaware Secretary of State; Researching publicly available records in Delaware, California, and New York; Researching prior lawsuits filed against Webull and Robinhood to ascertain the location of their members; Reviewing the SEC reports and filings for Webull and Robinhood; Reaching out to Robinhood's counsel and requesting that they confirm or deny whether its members reside in Illinois; and performing a public search of the two entities.

15. Despite Plaintiff's various attempts to ascertain the residence of Robinhood's and Webull's members, Plaintiff has been unable to do so.

16. Specifically, the Delaware Secretary of State disclosed that they did not have information as to the location or list of the members of Robinhood or Webull and that said information was not maintained or kept by the Delaware Secretary of State.

17. If after removal the plaintiff seeks to join additional defendants, whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court. 28 U.S.C. §1447(e).

18. In making this determination, the court considers: (1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not

allowed; and (4) any other relevant equitable considerations. *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 759 (7th Cir. 2009).

19. Plaintiff's motive for seeking the joinder of additional defendants was not due to his desire to defeat federal jurisdiction.

20. Plaintiff has no issue with this case being heard before this Court or the Court having jurisdiction over this matter.

21. In fact, Plaintiff did not seek to remand this matter until it became apparent that Plaintiff was not able to ascertain the location of the various members of Robinhood and Webull.

22. Moreover, Plaintiff does not want to delay this matter any further by remanding it to state court, but he is without alternative solutions because Webull has not yet appeared.

23. Even if Plaintiff were given leave to conduct discovery, Plaintiff could not issue discovery to a party who has not appeared.

24. Further, Plaintiff believed that TDA was the party who initiated the various reports of fraud and Plaintiff was not aware of the other defendants' reports of fraud until after the filing of the State Court Matter in late February 2021.

25. Once TDA removed this matter to Federal Court, counsel for TDA informed Plaintiff of the fact that the vast majority of his funds and assets were being held by other entities and that other entities had also made reports of fraud.

26. Simultaneously, Plaintiff received letters and messages from both BoA and Webull indicating that they believed the transfers at issue to be "fraudulent" and Plaintiff obtained a copy of his Early Warning comprehensive file disclosure indicating that BoA had reported Plaintiff's actions as amounting to fraud.

27. At that point, Plaintiff had no other option than to file his Complaint and joining

4

the other Defendants to this action, as it involves the same facts, occurrences, events, issues, and claims as originally raised by the State Court Matter.

28. The remaining parties, beyond TDA, are necessary parties to the full and complete resolution of this matter.

29. Plaintiff's actions were also timely, as he added the additional parties within eighteen (18) days from the date of this matter being removed from the State Court to Federal Court.

30. Plaintiff added the additional Defendants after receiving additional documents and information from BoA, Robinhood, and Webull.

31. As soon as Plaintiff had received and obtained the additional information, he immediately sought to add the additional Defendants.

32. If joinder is not allowed, Plaintiff will be harmed, as his claims require that the parties be part of the litigation.

33. Based upon the information available to Plaintiff at this time, it is apparent that TDA, BoA, Robinhood, and Webull each reported that Plaintiff's actions amounted to fraud or received information from the other entities that Plaintiff's actions amounted to fraud.

34. Each of the Defendants also froze, terminated, closed, or otherwise restricted Plaintiff's access to his accounts, have frozen his assets and funds, and have refused to provide information to Plaintiff despite his numerous attempts to resolve this matter without the need for litigation.

35. If joinder is not allowed, Plaintiff would have to file five separate lawsuits against the Defendants, each of which would involve the same facts, issues, claims, and funds that have been wrongfully converted.

36. Moreover, each separate action would require the same testimony, witnesses, evidence, documentation, and information regarding the actions taken by Defendants and would likely involve the same affirmative defenses, defenses, and counterclaims as to the other remaining Defendants and their actions.

37. In other words, it is extremely likely that the Defendants would each add the remaining Defendants as necessary parties or file counterclaims against the Defendants for contribution or attempt to assert that the other Defendants were actually the parties that acted improperly.

38. It is economical, efficient, and equitable that this matter be heard through a single case, as opposed to five separate cases, due to the actions of Defendants.

39. It would be inequitable to require that Plaintiff fight a war of attrition through five separate actions where the Defendants improperly converted Plaintiff's accounts, funds, and assets and where the Defendants made various incorrect reports of fraud to one another, without first doing their own due diligence on the matter. *See Stigleman v. Wal-Mart Stores, Inc.*, 2015 WL 586660 (N.D. Ill. 2015) ("Plaintiff will be prejudiced if joinder is not allowed. Plaintiff would otherwise have to bring a state lawsuit against Truman and Woolpert, which would result in parallel proceedings."); *Schur*, 577 F.3d at 768 ("we must also consider Schur's interest in avoiding the cost and inconvenience of parallel lawsuits in state and federal court.").

40. Although Plaintiff could request leave to conduct discovery as to Robinhood and move for a default as to Webull, this still would not resolve the issue of diversity jurisdiction, as the default order or default judgment against Webull would be unenforceable and could result in significant delays in the ultimate resolution of this litigation. *See Filter Specialists, Inc. v. Li*, 2008 WL 2783266 (N.D. Ill. 2008) ("As diversity was the only basis for subject matter jurisdiction, the

6

default judgment previously entered by this court is void under Federal Rule of Civil Procedure 60(b)(4). Defendant's motion to set aside the default judgment is therefore granted.").

41. A motion to remand on the basis of any defect other than lack of subject matter jurisdiction must be made within thirty (30) days after the filing of the notice of removal. 28 U.S.C. §144(c).

42. If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded, regardless of whether it was within thirty (30) days or not. *See Ayotte v. Boeing Company*, 316 F.Supp.3d 1066, 1072 (N.D. Ill. 2018); *Mocek v. Allsaints USA Limited*, 220 F.Supp.3d 910 (N.D. Ill. 2016).

43. Based upon the foregoing law and facts contained within the record, Plaintiff has no choice other than to request that this matter be remanded to the Twelfth Judicial Circuit Court of Will County, Illinois, as Plaintiff cannot ascertain the location or residence of Robinhood's or Webull's members and is unable to state that there is complete diversity between the parties for purposes of this Court retaining subject matter jurisdiction.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

A. Enter an order remanding this matter back to the Twelfth Judicial Circuit Court of Will County; and

B. Provide Plaintiff with such other and further relief as this Honorable Court deems appropriate and just.

Respectfully submitted,

**Subhash Mannava,** *Plaintiff*

By:   /s/ Oran D. Cart
      One of His Attorneys

Oran D. Cart, Esq.
  IL Atty. No. 6320411
  oran@cartlawoffices.com
Cart & Guth Law, LLC
1125 Wheaton Oaks Court
Wheaton, Illinois 60187
Phone: (630) 916-4200

## **CERTIFICATE OF SERVICE**

      The undersigned attorney on oath certifies that on May 17, 2021, prior to 11:00 p.m. CST, he caused a copy of the above motion to be served upon all counsel or parties of record in the above-captioned matter via CM/ECF electronic delivery.

                                                  /s/ Oran D. Cart
                                                  Oran D. Cart

Oran D. Cart, Esq.
  IL Atty. No. 6320411
  oran@cartlawoffices.com
Cart & Guth Law, LLC
1125 Wheaton Oaks Court
Wheaton, Illinois 60187
Phone: (630) 916-4200