**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SUBHASH MANNAVA, an individual,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>TD AMERITRADE, INC., WEBULL FINANCIAL, LLC, APEX CLEARING CORPORATION, ROBINHOOD FINANCIAL, LLC and BANK OF AMERICA<br><br>　　　　　　　Defendants. | Civil Action No. 21-cv-1303<br><br><br>Honorable Matthew F. Kennelly |

## DEFENDANT BANK OF AMERICA'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant Bank of America, N.A., incorrectly named as Bank of America ("BANA") answers and responds to Plaintiff Subhash Mannava's Second Amended Complaint ("Complaint") as follows:

### THE PARTIES

1.　　BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 1 and, therefore, denies the allegations.

2.　　BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 2 and, therefore, denies the allegations.

3.　　BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 3 and, therefore, denies the allegations.

4.　　BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 4 and, therefore, denies the allegations.

5.　　BANA is without sufficient information to admit or deny the allegations set forth

in Paragraph 5 and, therefore, denies the allegations.

6.      BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 6 and, therefore, denies the allegations.

7.      BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 7 and, therefore, denies the allegations.

8.      BANA denies the allegations contained in paragraph 8.

## JURISDICTION AND VENUE

9.      In response to Paragraph 9, those allegations contain conclusions of law to which no response is required.  To the extent a response may be required, BANA denies the allegations contained in Paragraph 9.  By way of further response, BANA is not contesting jurisdiction.

10.     In response to Paragraph 10, those allegations contain conclusions of law to which no response is required.  To the extent a response may be required, BANA denies the allegations contained in Paragraph 10.  By way of further response, BANA is not contesting venue.

## FACTUAL ALLEGATION COMMON TO ALL COUNTS

11.     BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 11 and, therefore, denies the allegations.

12.     BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 12 and, therefore, denies the allegations.

13.     BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 13 and, therefore, denies the allegations.

14.     BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 14 and, therefore, denies the allegations.

15.     BANA is without sufficient information to admit or deny the allegations set forth

in Paragraph 15 and, therefore, denies the allegations.

16. BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 16 and, therefore, denies the allegations.

17. BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 17 and, therefore, denies the allegations.

18. BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 18 and, therefore, denies the allegations.

19. To answer the allegations of Paragraph 19, BANA admits that it conducted an investigation for fraudulent activity related to Plaintiff's account. BANA is without sufficient information to admit or deny the remaining allegations set forth in Paragraph 19 and, therefore, denies the allegations.

20. BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 20 and, therefore, denies the allegations.

21. BANA denies the allegations set forth in Paragraph 21.

22. BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 22 and, therefore, denies the allegations.

23. BANA denies the allegations set forth in Paragraph 23.

24. BANA denies the allegations set forth in Paragraph 24.

25. BANA denies the allegations set forth in Paragraph 25.

26. BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 26 and, therefore, denies the allegations.

27. BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 27 and, therefore, denies the allegations.

28.     BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 28 and, therefore, denies the allegations.

29.     The allegations contained in Paragraph 29 relate to writings, which speak for themselves. To the extent that the allegations vary from the writings, BANA denies the allegations of this Paragraph.

30.     BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 30 and, therefore, denies the allegations.

31.     BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 31 and, therefore denies the allegations.

32.     BANA denies the allegations set forth in Paragraph 32.

33.     BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 33 and, therefore, denies the allegations.

34.     BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 34 and, therefore, denies the allegations.

35.     BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 35 and, therefore, denies the allegations.

36.     BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 36 and, therefore, denies the allegations.

37.     BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 37 and, therefore, denies the allegations.

38.     BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 38 and, therefore, denies the allegations.

39.     BANA is without sufficient information to admit or deny the allegations set forth

in Paragraph 39 and, therefore, denies the allegations.

40.     BANA denies the allegations set forth in Paragraph 40.

41.     BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 41 and, therefore, denies the allegations.

42.     BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 42 and, therefore, denies the allegations.

43.     BANA denies the allegations set forth in Paragraph 43.

44.     BANA denies the allegations set forth in Paragraph 44.

45.     BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 45 and, therefore, denies the allegations.

46.     BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 46 and, therefore, denies the allegations.

47.     BANA denies the allegations set forth in Paragraph 47.

### COUNT I - Conversion
### (Plaintiff v. TDA)

48.     BANA incorporates by reference its responses to Paragraphs 1 through 47 as though fully set forth here.

49.     The allegations of Paragraph 49 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 49 and, therefore, denies the allegations.

50.     The allegations of Paragraph 50 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 50 and, therefore, denies the allegations.

51.     The allegations of Paragraph 51 do not appear to require a response from BANA.

To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 51 and, therefore, denies the allegations.

52.     The allegations of Paragraph 52 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 52 and, therefore, denies the allegations.

53.     The allegations of Paragraph 53 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 53 and, therefore, denies the allegations.

54.     The allegations of Paragraph 54 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 54 and, therefore, denies the allegations.

55.     The allegations of Paragraph 55 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 55 and, therefore, denies the allegations.

56.     The allegations of Paragraph 56 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 56 and, therefore, denies the allegations.

57.     The allegations of Paragraph 57 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 57 and, therefore, denies the allegations.

58.     The allegations of Paragraph 58 do not appear to require a response from BANA. To the extent that a response is required, BANA denies the allegations and legal conclusions in Paragraph 58 and in the WHEREFORE clause following Paragraph 58 and its subparts A through

D and denies that Plaintiff is entitled to the requested relief in the Complaint.

## COUNT II -Violation of Illinois Consumer Fraud and
## Deceptive Business Practice Act (815 ILCS 505/1 *et seq.*)
## (Plaintiff v. TDA)

59.     BANA incorporates by reference its responses to Paragraphs 1 through 58 as though fully set forth herein.

60.     In response to Paragraph 60, those allegations contain conclusions of law to which no response is required.  To the extent a response may be required, BANA denies the allegations contained in Paragraph 60.

61.     The allegations of Paragraph 61 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 61 and, therefore, denies the allegations.

62.     The allegations of Paragraph 62 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 62 and, therefore, denies the allegations.

63.     The allegations of Paragraph 63 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 63 and, therefore, denies the allegations.

64.     The allegations of Paragraph 64 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 64 and, therefore, denies the allegations.

65.     The allegations of Paragraph 65 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 65 and, therefore, denies the allegations.

66.     The allegations of Paragraph 66 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 66 and, therefore, denies the allegations.

67.     The allegations of Paragraph 67 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 67 and, therefore, denies the allegations.

68.     The allegations of Paragraph 68 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 68 and, therefore, denies the allegations.

69.     The allegations of Paragraph 69 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 69 and, therefore, denies the allegations.

70.     The allegations of Paragraph 70 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 70 and, therefore, denies the allegations.

71.     The allegations of Paragraph 71 do not appear to require a response from BANA. To the extent that a response is required, BANA denies the allegations and legal conclusions in Paragraph 71 and in the WHEREFORE clause following Paragraph 71 and its subparts A through D and denies that Plaintiff is entitled to the requested relief in the Complaint.

## COUNT III – Constructive Trust
## (Plaintiff v. TDA)

72      BANA incorporates by reference its responses to Paragraphs 1 through 71 as though fully set forth herein.

73.     The allegations of Paragraph 73 do not appear to require a response from BANA.

To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 73 and, therefore, denies the allegations.

74.     The allegations of Paragraph 74 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 74 and, therefore, denies the allegations.

75.     The allegations of Paragraph 75 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 75 and, therefore, denies the allegations.

76.     The allegations of Paragraph 76 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 76 and, therefore, denies the allegations.

77.     The allegations of Paragraph 77 do not appear to require a response from BANA. To the extent that a response is required, BANA denies the allegations and legal conclusions in Paragraph 77 and in the WHEREFORE clause following Paragraph 77 and its subparts A through D and denies that Plaintiff is entitled to the requested relief in the Complaint.

## COUNT IV – Accounting
### (Plaintiff v. TDA)

78     BANA incorporates by reference its responses to Paragraphs 1 through 77 as though fully set forth herein.

79.     The allegations of Paragraph 79 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 79 and, therefore, denies the allegations.

80.     The allegations of Paragraph 80 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny

the allegations set forth in Paragraph 80 and, therefore, denies the allegations.

81.     The allegations of Paragraph 81 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 81 and, therefore, denies the allegations.

82.     The allegations of Paragraph 82 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 82 and, therefore, denies the allegations.

83.     The allegations of Paragraph 83 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 83 and, therefore, denies the allegations.

84.     The allegations of Paragraph 84 do not appear to require a response from BANA. To the extent that a response is required, BANA denies the allegations and legal conclusions in Paragraph 84 and in the WHEREFORE clause following Paragraph 84 and its subparts A through E and denies that Plaintiff is entitled to the requested relief in the Complaint.

## COUNT V - Conversion
### (Plaintiff v. Webull)

85.     BANA incorporates by reference its responses to Paragraphs 1 through 47 as though fully set forth here.

86.     The allegations of Paragraph 86 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 86 and, therefore, denies the allegations.

87.     The allegations of Paragraph 87 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 87 and, therefore, denies the allegations.

88.     The allegations of Paragraph 88 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 88 and, therefore, denies the allegations.

89.     The allegations of Paragraph 89 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 89 and, therefore, denies the allegations.

90.     The allegations of Paragraph 90 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 90 and, therefore, denies the allegations.

91.     The allegations of Paragraph 91 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 91 and, therefore, denies the allegations.

92.     The allegations of Paragraph 92 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 92 and, therefore, denies the allegations.

93.     The allegations of Paragraph 93 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 93 and, therefore, denies the allegations.

94.     The allegations of Paragraph 94 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 94 and, therefore, denies the allegations.

95.     The allegations of Paragraph 95 do not appear to require a response from BANA. To the extent that a response is required, BANA denies the allegations and legal conclusions in

Paragraph 58 and in the WHEREFORE clause following Paragraph 95 and its subparts A through

D and denies that Plaintiff is entitled to the requested relief in the Complaint.

<u>**COUNT VI -Violation of Illinois Consumer Fraud and
Deceptive Business Practice Act (815 ILCS 505/1 *et seq.*)
(Plaintiff v. Webull)**</u>

96.     BANA incorporates by reference its responses to Paragraphs 1 through 47 and 85

through 95 as though fully set forth herein.

97.     In response to Paragraph 97, those allegations contain conclusions of law to which

no response is required.  To the extent a response may be required, BANA denies the allegations

contained in Paragraph 97.

98.     The allegations of Paragraph 98 do not appear to require a response from BANA.

To the extent that a response is required, BANA is without sufficient information to admit or deny

the allegations set forth in Paragraph 98 and, therefore, denies the allegations.

99.     The allegations of Paragraph 99 do not appear to require a response from BANA.

To the extent that a response is required, BANA is without sufficient information to admit or deny

the allegations set forth in Paragraph 99 and, therefore, denies the allegations.

100.     The allegations of Paragraph 100 do not appear to require a response from BANA.

To the extent that a response is required, BANA is without sufficient information to admit or deny

the allegations set forth in Paragraph 100 and, therefore, denies the allegations.

101.     The allegations of Paragraph 101 do not appear to require a response from BANA.

To the extent that a response is required, BANA is without sufficient information to admit or deny

the allegations set forth in Paragraph 101 and, therefore, denies the allegations.

102.     The allegations of Paragraph 102 do not appear to require a response from BANA.

To the extent that a response is required, BANA is without sufficient information to admit or deny

the allegations set forth in Paragraph 102 and, therefore, denies the allegations.

103.     The allegations of Paragraph 103 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 103 and, therefore, denies the allegations.

104.     The allegations of Paragraph 104 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 104 and, therefore, denies the allegations.

105.     The allegations of Paragraph 105 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 105 and, therefore, denies the allegations.

106.     The allegations of Paragraph 106 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 106 and, therefore, denies the allegations.

107.     The allegations of Paragraph 107 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 107 and, therefore, denies the allegations.

108.     The allegations of Paragraph 108 do not appear to require a response from BANA. To the extent that a response is required, BANA denies the allegations and legal conclusions in Paragraph 108 and in the WHEREFORE clause following Paragraph 108 and its subparts A through D and denies that Plaintiff is entitled to the requested relief in the Complaint.

## COUNT VII – Constructive Trust
### (Plaintiff v. Webull)

109.     BANA incorporates by reference its responses to Paragraphs 1 through 47 and 85 through 108 as though fully set forth herein.

110.    The allegations of Paragraph 110 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 110 and, therefore, denies the allegations.

111.    The allegations of Paragraph 111 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 111 and, therefore, denies the allegations.

112.    The allegations of Paragraph 112 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 112 and, therefore, denies the allegations.

113.    The allegations of Paragraph 113 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 113 and, therefore, denies the allegations.

114.    The allegations of Paragraph 114 do not appear to require a response from BANA. To the extent that a response is required, BANA denies the allegations and legal conclusions in Paragraph 114 and in the WHEREFORE clause following Paragraph 114 and its subparts A through D and denies that Plaintiff is entitled to the requested relief in the Complaint.

## COUNT VIII – Accounting
### (Plaintiff v. Webull)

115.    BANA incorporates by reference its responses to Paragraphs 1 through 47 and 85 through 114 as though fully set forth herein.

116.    The allegations of Paragraph 116 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 116 and, therefore, denies the allegations.

117.    The allegations of Paragraph 117 do not appear to require a response from BANA.

To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 117 and, therefore, denies the allegations.

118.     The allegations of Paragraph 118 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 118 and, therefore, denies the allegations.

119.     The allegations of Paragraph 119 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 119 and, therefore, denies the allegations.

120.     The allegations of Paragraph 120 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 120 and, therefore, denies the allegations.

121.     The allegations of Paragraph 121 do not appear to require a response from BANA. To the extent that a response is required, BANA denies the allegations and legal conclusions in Paragraph 121 and in the WHEREFORE clause following Paragraph 121 and its subparts A through E and denies that Plaintiff is entitled to the requested relief in the Complaint.

## COUNT IX - Conversion
### (Plaintiff v. Apex)

122.     BANA incorporates by reference its responses to Paragraphs 1 through 47 as though fully set forth here.

123.     The allegations of Paragraph 123 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 123 and, therefore, denies the allegations.

124.     The allegations of Paragraph 124 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny

the allegations set forth in Paragraph 124 and, therefore, denies the allegations.

125.     The allegations of Paragraph 125 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 125 and, therefore, denies the allegations.

126.     The allegations of Paragraph 126 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 126 and, therefore, denies the allegations.

127.     The allegations of Paragraph 127 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 127 and, therefore, denies the allegations.

128.     The allegations of Paragraph 128 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 128 and, therefore, denies the allegations.

129.     The allegations of Paragraph 129 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 129 and, therefore, denies the allegations.

130.     The allegations of Paragraph 130 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 130 and, therefore, denies the allegations.

131.     The allegations of Paragraph 131 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 131 and, therefore, denies the allegations.

132.     The allegations of Paragraph 132 do not appear to require a response from BANA.

To the extent that a response is required, BANA denies the allegations and legal conclusions in Paragraph 132 and in the WHEREFORE clause following Paragraph 132 and its subparts A through D and denies that Plaintiff is entitled to the requested relief in the Complaint.

## COUNT X -Violation of Illinois Consumer Fraud and Deceptive Business Practice Act (815 ILCS 505/1 *et seq.*) (Plaintiff v. Apex)

133.     BANA incorporates by reference its responses to Paragraphs 1 through 47 and 122 through 132 as though fully set forth herein.

134.     In response to Paragraph 134, those allegations contain conclusions of law to which no response is required.  To the extent a response may be required, BANA denies the allegations contained in Paragraph 134.

135.     The allegations of Paragraph 135 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 135 and, therefore, denies the allegations.

136.     The allegations of Paragraph 136 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 136 and, therefore, denies the allegations.

137.     The allegations of Paragraph 137 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 137 and, therefore, denies the allegations.

138.     The allegations of Paragraph 138 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 138 and, therefore, denies the allegations.

139.     The allegations of Paragraph 139 do not appear to require a response from BANA.

To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 139 and, therefore, denies the allegations.

140.    The allegations of Paragraph 140 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 140 and, therefore, denies the allegations.

141.    The allegations of Paragraph 141 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 141 and, therefore, denies the allegations.

142.    The allegations of Paragraph 142 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 142 and, therefore, denies the allegations.

143.    The allegations of Paragraph 143 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 143 and, therefore, denies the allegations.

144.    The allegations of Paragraph 144 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 144 and, therefore, denies the allegations.

145.    The allegations of Paragraph 145 do not appear to require a response from BANA. To the extent that a response is required, BANA denies the allegations and legal conclusions in Paragraph 145 and in the WHEREFORE clause following Paragraph 108 and its subparts A through D and denies that Plaintiff is entitled to the requested relief in the Complaint.

## COUNT XI – Constructive Trust
### (Plaintiff v. Apex)

146.    BANA incorporates by reference its responses to Paragraphs 1 through 47 and 122

18

through 145 as though fully set forth herein.

147.     The allegations of Paragraph 147 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 147 and, therefore, denies the allegations.

148.     The allegations of Paragraph 148 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 148 and, therefore, denies the allegations.

149.     The allegations of Paragraph 149 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 149 and, therefore, denies the allegations.

150.     The allegations of Paragraph 150 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 150 and, therefore, denies the allegations.

151.     The allegations of Paragraph 151 do not appear to require a response from BANA. To the extent that a response is required, BANA denies the allegations and legal conclusions in Paragraph 151 and in the WHEREFORE clause following Paragraph 151 and its subparts A through D and denies that Plaintiff is entitled to the requested relief in the Complaint.

## COUNT XII– Accounting
### (Plaintiff v. Apex)

152.     BANA incorporates by reference its responses to Paragraphs 1 through 47 and 122 through 151 as though fully set forth herein.

153.     The allegations of Paragraph 153 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 153 and, therefore, denies the allegations.

154.     The allegations of Paragraph 154 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 154 and, therefore, denies the allegations.

155.     The allegations of Paragraph 155 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 155 and, therefore, denies the allegations.

156.     The allegations of Paragraph 156 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 156 and, therefore, denies the allegations.

157.     The allegations of Paragraph 157 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 157 and, therefore, denies the allegations.

158.     The allegations of Paragraph 158 do not appear to require a response from BANA. To the extent that a response is required, BANA denies the allegations and legal conclusions in Paragraph 158 and in the WHEREFORE clause following Paragraph 158 and its subparts A through E and denies that Plaintiff is entitled to the requested relief in the Complaint.

**COUNT XIII - Conversion**
**(Plaintiff v. Robinhood)**

159.     BANA incorporates by reference its responses to Paragraphs 1 through 47 as though fully set forth here.

160.     The allegations of Paragraph 160 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 160 and, therefore, denies the allegations.

161.     The allegations of Paragraph 161 do not appear to require a response from BANA.

To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 161 and, therefore, denies the allegations.

162.    The allegations of Paragraph 162 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 162 and, therefore, denies the allegations.

163.    The allegations of Paragraph 163 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 163 and, therefore, denies the allegations.

164.    The allegations of Paragraph 164 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 164 and, therefore, denies the allegations.

165.    The allegations of Paragraph 165 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 165 and, therefore, denies the allegations.

166.    The allegations of Paragraph 166 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 166 and, therefore, denies the allegations.

167.    The allegations of Paragraph 167 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 167 and, therefore, denies the allegations.

168.    The allegations of Paragraph 168 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 168 and, therefore, denies the allegations.

169.     The allegations of Paragraph 169 do not appear to require a response from BANA. To the extent that a response is required, BANA denies the allegations and legal conclusions in Paragraph 169 and in the WHEREFORE clause following Paragraph 169 and its subparts A through D and denies that Plaintiff is entitled to the requested relief in the Complaint.

### COUNT XIV -Violation of Illinois Consumer Fraud and Deceptive Business Practice Act (815 ILCS 505/1 *et seq.*) (Plaintiff v. Robinhood)

170.     BANA incorporates by reference its responses to Paragraphs 1 through 47 and 159 through 169 as though fully set forth herein.

171.     In response to Paragraph 171, those allegations contain conclusions of law to which no response is required.  To the extent a response may be required, BANA denies the allegations contained in Paragraph 171.

172.     The allegations of Paragraph 172 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 172 and, therefore, denies the allegations.

173.     The allegations of Paragraph 173 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 173 and, therefore, denies the allegations.

174.     The allegations of Paragraph 174 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 174 and, therefore, denies the allegations.

175.     The allegations of Paragraph 175 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 175 and, therefore, denies the allegations.

176.     The allegations of Paragraph 176 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 176 and, therefore, denies the allegations.

177.     The allegations of Paragraph 177 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 177 and, therefore, denies the allegations.

178.     The allegations of Paragraph 178 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 178 and, therefore, denies the allegations.

179.     The allegations of Paragraph 179 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 179 and, therefore, denies the allegations.

180.     The allegations of Paragraph 180 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 180 and, therefore, denies the allegations.

181.     The allegations of Paragraph 181 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 181 and, therefore, denies the allegations.

182.     The allegations of Paragraph 182 do not appear to require a response from BANA. To the extent that a response is required, BANA denies the allegations and legal conclusions in Paragraph 182 and in the WHEREFORE clause following Paragraph 182 and its subparts A through D and denies that Plaintiff is entitled to the requested relief in the Complaint.

### COUNT XV – Constructive Trust
### (Plaintiff v. Robinhood)

183.     BANA incorporates by reference its responses to Paragraphs 1 through 47 and 159 through 182 as though fully set forth herein.

184.     The allegations of Paragraph 184 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 184 and, therefore, denies the allegations.

185.     The allegations of Paragraph 185 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 185 and, therefore, denies the allegations.

186.     The allegations of Paragraph 186 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 186 and, therefore, denies the allegations.

187.     The allegations of Paragraph 187 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 187 and, therefore, denies the allegations.

188.     The allegations of Paragraph 188 do not appear to require a response from BANA. To the extent that a response is required, BANA denies the allegations and legal conclusions in Paragraph 188 and in the WHEREFORE clause following Paragraph 114 and its subparts A through D and denies that Plaintiff is entitled to the requested relief in the Complaint.

## COUNT XVI – Accounting
### (Plaintiff v. Robinhood)

189.     BANA incorporates by reference its responses to Paragraphs 1 through 47 and 159 through 188 as though fully set forth herein.

190.     The allegations of Paragraph 190 do not appear to require a response from BANA.

To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 190 and, therefore, denies the allegations.

191. The allegations of Paragraph 191 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 191 and, therefore, denies the allegations.

192. The allegations of Paragraph 192 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 192 and, therefore, denies the allegations.

193. The allegations of Paragraph 193 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 193 and, therefore, denies the allegations.

194. The allegations of Paragraph 194 do not appear to require a response from BANA. To the extent that a response is required, BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 194 and, therefore, denies the allegations.

195. The allegations of Paragraph 195 do not appear to require a response from BANA. To the extent that a response is required, BANA denies the allegations and legal conclusions in Paragraph 195 and in the WHEREFORE clause following Paragraph 195 and its subparts A through E and denies that Plaintiff is entitled to the requested relief in the Complaint.

**COUNT XVII - Conversion**
**(Plaintiff v. Bank of America)**

196. BANA incorporates by reference its responses to Paragraphs 1 through 47 as through fully set forth herein.

197. BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 197 and, therefore, denies the allegations.

198.    BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 198 and, therefore, denies the allegations.

199.    BANA is without sufficient information to admit or deny the allegations set forth in Paragraph 199 and, therefore, denies the allegations.

200.    BANA denies the allegations set forth in Paragraph 200.

201.    BANA denies the allegations set forth in Paragraph 201.

202.    BANA denies the allegations set forth in Paragraph 202.

203.    BANA denies the allegations set forth in Paragraph 203.

204.    BANA denies the allegations set forth in Paragraph 204.

205.    BANA denies the allegations set forth in Paragraph 205.

206.    BANA denies the allegations set forth in Paragraph 206 and in the WHEREFORE clause following Paragraph 206 and its subparts A through D and denies that Plaintiff is entitled to the requested relief in the Complaint.

**COUNT XVIII – Violation of the Illinois Consumer Fraud and
Deceptive Business Practices Act (815ILCS 505/1 *et seq.*)
(Plaintiff v. Bank of America)**

207.    BANA incorporates by reference its responses to Paragraphs 1 through 47 and 196 through 206 as through fully set forth herein.

208.    In response to Paragraph 208, those allegations contain conclusions of law to which no response is required.  To the extent a response may be required, BANA denies the allegations contained in Paragraph 208.

209.    BANA denies the allegations set forth in Paragraph 209.

210.    BANA denies the allegations set forth in Paragraph 210.

211.    BANA denies the allegations set forth in Paragraph 211.

212.     BANA denies the allegations set forth in Paragraph 212.

213.     BANA denies the allegations set forth in Paragraph 213.

214.     BANA denies the allegations set forth in Paragraph 214.

215.     BANA denies the allegations set forth in Paragraph 215.

216.     BANA denies the allegations set forth in Paragraph 216.

217.     BANA denies the allegations set forth in Paragraph 217.

218.     BANA denies the allegations set forth in Paragraph 218.

219.     BANA denies the allegations set forth in Paragraph 219 and in the WHEREFORE clause following Paragraph 219 and its subparts A through D and denies that Plaintiff is entitled to the requested relief in the Complaint.

## COUNT XIX – Constructive Trust
### (Plaintiff v. Bank of America)

220.     BANA incorporates by reference its responses to Paragraphs 1 through 47 and 196 through 219 as through fully set forth herein.

221.     BANA denies the allegations set forth in Paragraph 221.

222.     BANA denies the allegations set forth in Paragraph 222.

223.     BANA denies the allegations set forth in Paragraph 223.

224.     BANA denies the allegations set forth in Paragraph 224.

225.     BANA denies the allegations set forth in Paragraph 225 and in the WHEREFORE clause following Paragraph 225 and its subparts A through D and denies that Plaintiff is entitled to the requested relief in the Complaint.

## COUNT XX – Accounting
### (Plaintiff v. Bank of America)

226.     BANA incorporates by reference its responses to Paragraphs 1 through 47 and 196

through 225 as through fully set forth herein.

227.    BANA denies the allegations set forth in Paragraph 227.

228.    BANA denies the allegations set forth in Paragraph 228.

229.    BANA denies the allegations set forth in Paragraph 229.

230.    BANA denies the allegations set forth in Paragraph 230.

231.    BANA denies the allegations set forth in Paragraph 231.

232.    BANA denies the allegations set forth in Paragraph 232 and in the WHEREFORE clause following Paragraph 232 and its subparts A through D and denies that Plaintiff is entitled to the requested relief in the Complaint.

## AFFIRMATIVE DEFENSES

BANA submits the following as its list of affirmative defenses in this matter:

1.    Any allegations not specifically admitted here are denied.

2.    BANA states that the Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

3.    Plaintiff's claims are barred as inconsistent with and preempted by the Uniform Commercial Code.

4.    BANA states that Plaintiff, by consenting to the acts and omissions described in the Complaint and/or by failing to raise issue with those acts and omissions in a timely manner, waived, relinquished, and abandoned any claims arising from those acts or omissions.

5.    BANA states that the Complaint is barred, in whole or in part, by the doctrines of fraud, laches, estoppel, and/or unclean hands.

6.    BANA states that the Complaint is barred, in whole or in part, because Plaintiff failed to properly mitigate his damages.

7.     BANA states that its actions were not egregious, knowing, willful, wanton, grossly negligent, or reckless, nor did it act in bad faith, and it otherwise cannot be held responsible or liable for punitive damages.

8.     BANA states that at all times relevant hereto BANA conducted itself in good faith.

9.     BANA states that it did not engage in any act or omission that would justify an award of litigation expenses or attorney's fees, and Plaintiff is otherwise not entitled to such an award.

10.     Plaintiff's damages, if any, were caused by the action and/or inactions of third parties and/or intervening causes over which BANA had no control.

11.     Plaintiff's damages, if any, were caused by Plaintiff's own acts and/or omissions and thus, BANA cannot be held responsible or liable.

12.     BANA states that at all times relevant hereto, BANA conducted itself in conformity with all applicable laws and regulations, including those governing banking entities.

13.     Plaintiff's Complaint seeks punitive damages.  BANA adopts by reference the defenses, criteria, limitations, standards, and constitutional protections mandated or provided by the United States Supreme Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Grp., Inc.*, 532 U.S. 923 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003); *Phillip Morris USA v. Williams*, 127 S. Ct. 1057 (2007); *Exxon Shipping Co. v. Baker*, 168 S. Ct. 265 (2008).

14.     BANA pleads and asserts all applicable constitutional, statutory, and common law limitations on punitive damages.

15.     Any and all harm alleged by Plaintiff can be attributed to several causes, and the damages for the harm, if any, should be apportioned among the various causes according to the

contribution of each cause to the harm sustained.

16.     Plaintiff's Complaint is barred, in whole or in part, by the terms of the contract(s) entered into by the parties.

17.     BANA reserves the right to assert any additional affirmative defenses as may be disclosed during the course of discovery.

**WHEREFORE,** BANA prays to the Court as follows:

1.     That the claims against BANA be dismissed with prejudice;

2.     That Plaintiff has and recovers nothing from BANA;

3.     That the costs incurred by BANA in defending this action be taxed to Plaintiff; and

4.     That BANA be granted such other and further relief as the Court deems just and proper.

                                        Respectfully submitted,


Dated: August 6, 2021          By:     */s/ Benjamin Cook*
                                        Benjamin Cook
                                        IL Bar No. 6335723
                                        McGuireWoods LLP
                                        77 W. Wacker Drive, Suite 4100
                                        Chicago, Illinois 60601-1818
                                        Tel. 312-849-8100
                                        Fax 312-849-3690
                                        bcook@mcguirewoods.com

                                        *Attorneys for Defendant Bank of America,*
                                        *N.A.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Answer and Affirmative Defenses was electronically filed on this 6th day August, 2021, and served upon the all counsel of record via the Court's electronic filing system.

*/s/  Benjamin Cook*