# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUBHASH MANNAVA, <br><br> Plaintiff, <br><br> v. <br><br> TD AMERITRADE, INC., WEBULL FINANCIAL LLC, APEX CLEARING CORPORATION, ROBINHOOD FINANCIAL LLC, and BANK OF AMERICA CORPORATION, <br><br> Defendants. | Case No. 21 C 1303 <br><br> Hon. Matthew F. Kennelly <br><br> Mag. Judge M. David Weisman |

### Declaration of Shen Lu of Webull Financial LLC

I, Shen Lu, state as follows:

1. I am the Chief Compliance Officer at Webull Financial LLC ("Webull"). I have personal knowledge about Webull Financial LLC's account services and records based on my experience as a compliance officer at Webull and my review of documents kept in the ordinary course of Webull's business.

2. Webull Financial LLC is a broker-dealer that offers a self-directed electronic trading platform, accessible via mobile app and desktop computer, for the commission-free trading of stocks, exchange traded funds, options, and American depositary receipts.

3. Apex Clearing Corporation ("Apex") is Webull's clearing firm. Webull introduces all securities transactions to Apex on a fully disclosed basis for

comparison, allocation, clearance, and settlement. Apex holds all Webull customers' accounts and delivers funds and securities to customers on Webull's behalf.

4. Plaintiff opened Webull Account No. 5NF15064 on December 18, 2020.

5. When Plaintiff opened Webull Account No. 5NF15064, he was presented with a list of agreements and disclosures, with hyperlinks to the documents. Those documents included: a Customer Account Agreement, a Customer Margin & Short Account Agreement, and a Webull Financial Options Agreement.

6. Exhibit B is a true and accurate copy of the Customer Account Agreement that was in effect when Plaintiff opened Webull Account No. 5NF15064.

7. Exhibit C is a true and accurate copy of the Customer Margin & Short Account Agreement that was in effect when Plaintiff opened Webull Account No. 5NF15064.

8. Exhibit D is a true and accurate copy of the Webull Financial Options Agreement that was in effect when Plaintiff opened Webull Account No. 5NF15064.

9. Exhibit E is a true and accurate representation of the current webpage that customers view when creating a Webull account on a desktop.

10. Exhibit F is a true and accurate representation of the current screen that customers view when creating a Webull account on the mobile application.

11. When Plaintiff created Webull Account No. 5NF15064, he encountered a webpage substantially similar to Exhibit E or Exhibit F, depending on whether he created the account using the desktop or app interface. In all events, Plaintiff was presented with a signature field to acknowledge the following: "I have read,

understood[,] and accepted the terms and conditions provided [during the account opening process.] I will comply with all terms of the [Client/User] Agreement (including the pre-dispute arbitration clauses at the end of the Agreement) and all other agreements and disclosures provided to me above . . . ."

12. Plaintiff entered his signature in the signature field. Exhibit G is an image of the signature that Plaintiff submitted. Once Plaintiff signed, a button appeared that said, "I Agree." *See* Ex. E; Ex. F. Plaintiff was required to click the "I Agree" button before proceeding with the Webull account creation.

13. Plaintiff could not have created Webull Account No. 5NF15064 without agreeing to Exhibits B through D.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 9, 2021.

Shen Lu<br>
Chief Compliance Officer<br>
Webull Financial LLC

3